*Paterson,* 84 AD2d 964; *Matter of Weirich v Griffo,* 78 AD2d 969). (Art 78 proceeding transferred by order of Wayne Supreme Court, Provenzano, J.) Present — Dillon, P. J., Simons, Doerr, Denman and Moule, JJ.

■ FRANCINE NELSON, Respondent, v EASTMAN DENTAL CENTER et al., Appellants. (Appeal No. 1.) — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendants appeal from an order denying their motion to dismiss plaintiff's complaint for want of prosecution (CPLR 3216). The complaint alleges dental malpractice which is said to have occurred between February 22, 1977 and March 7, 1977. Plaintiff retained counsel on the latter date and the action was commenced by service of a bare summons on the respective defendants in October and November, 1978. From its inception, the pursuit of this action has been marked by delay. Defendants filed a timely appearance but the complaint was not served until some 25 days after a conditional order of dismissal was granted. Thereafter, plaintiff failed to comply with a demand for a bill of particulars until some 26 days after a 30-day conditional order of preclusion was granted. Following examinations before trial, the transcripts of which were received by the parties in March, 1980, plaintiff did nothing further to pursue the action. On June 9, 1980 defendants served a 90-day demand which required filing a note of issue on or before September 8, 1980 (see CPLR 3216, subd [b], par [3]). Nine and one-half months after the demand was served, defendants brought this motion to dismiss the complaint. Special Term erred in denying the motion. The conditions of CPLR 3216 (subd [b]) were met; plaintiff failed to file the note of issue within 90 days after receipt of the demand and, accordingly, the court was authorized to dismiss the complaint unless plaintiff demonstrated "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216, subd [e]). Plaintiff's counsel assesses as the reason for the delay the complexity of this malpractice litigation and his inability to procure an expert witness until shortly before defendants' motion to dismiss was made. We have held, even where it appeared that plaintiff may have a meritorious claim, that the complexity and inherent difficulties of malpractice litigation are insufficient to excuse delay and constitute nothing more than "law office failure" (*Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803). The lengthy delay here exceeds periods which we have previously held to constitute unreasonable neglect (see *Brothers v Wall,* 84 AD2d 923; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879). Although plaintiff's counsel now asserts that a medical expert has agreed to testify at trial, his response to the motion does not include an affidavit from that expert. While the underlying facts are amply demonstrated by plaintiff's affidavit and the transcript of the examinations before trial, the expert evidence which is vital to plaintiff's cause is lacking. We thus conclude that plaintiff has failed to demonstrate in evidentiary form that the complaint has merit (cf. *Barasch v Micucci,* 49 NY2d 594; *Sortino v Fisher,* 20 AD2d 25). (Appeal from order of Monroe Supreme Court, Tillman, J. — dismiss malpractice action.) Present — Dillon, P. J., Simons, Doerr, Denman and Moule, JJ.

■ FRANCINE NELSON, Respondent, v EASTMAN DENTAL CENTER et al., Appellants. (Appeal No. 2.) — Appeal dismissed as moot. (See *Nelson v Eastman Dental Center,* 85 AD2d 887 [No. 11].) (Appeal from order of Monroe Supreme Court, Fritsch, J. — stay trial.) Present — Dillon, P. J., Simons, Doerr, Denman and Moule, JJ.

■ In the Matter of the Estate of FRED O. BUSH, Deceased. — Order unanimously reversed, on the law and facts, with costs, and probate directed. Memorandum: The proponent of the will of Fred O. Bush, James J. Pringle,