■ JACK CANTER et al., Respondents, v NORMAN MULNICK, Appellant. — Order, Supreme Court, New York County (Schwartz, J.), entered October 7, 1982, conditionally denying defendant's motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, with costs. Plaintiffs, in this dental malpractice case, ignored a demand for a bill of particulars for five years after joinder of issue in August, 1977. Defendant was granted on default a conditional preclusion order in July, 1979 unless plaintiffs served their bill within 10 days, which they again failed to do. Finally, defendant moved for summary judgment in June, 1982, based on the order which would preclude plaintiffs from proving a prima facie case. Only at that point, nearly five years after the demand for a bill of particulars, did plaintiffs respond with a proposed bill and an explanation that the expert periodontist had been unable to render a statement of possible malpractice because of unavailability of X rays or records from defendant. Plaintiffs' attorney blamed defendant for, in effect, adjourning his deposition *sine die* since "[p]rior to the making of the motion to preclude" in June, 1979. Plaintiffs' attorney concluded that summary dismissal of this case was unwarranted inasmuch as a prima facie case could be proven, notwithstanding the order of preclusion. The only statement of merit in opposition to the motion for summary dismissal of the case was an affidavit by the patient, plaintiff Jack Canter, concluding after a brief recitation of facts that defendant's failure to exercise proper dental care had led to periodontal disease. The affidavit

acknowledged that this plaintiff was "not sufficiently expert in the areas of malpractice of periodontal work to make an expert decision." Special Term denied the motion for summary judgment dismissing the complaint on the basis of the preclusion order only on the condition that plaintiffs' attorney pay defendant $500 costs within 10 days, at which time plaintiffs' proposed bill of particulars, submitted "upon information and belief" in the absence of a formal report from the periodontal expert, would be deemed served upon and accepted by defendant, without prejudice to a subsequent motion directed to the bill's adequacy. This was an abuse of discretion. Plaintiffs were not entitled to be relieved of the consequences of the default in the light of their five-year delay in making even this half-hearted effort at compliance with the demand for a bill of particulars. A plaintiff neglecting his action must provide an adequate explanation for the delay as well as an affidavit of merit from a person with knowledge about the matter (*Sortino v Fisher*, 20 AD2d 25). Plaintiffs' excuse for the delay was that their own expert had failed to comply with requests for a report. As evidence of plaintiffs' purported diligence in pursuing this matter, their attorney produced letters written to the expert in April, 1977, November, 1978 and August, 1979, requesting a report. The only answer in the record was to the April, 1977, letter, indicating that in the absence of X rays or records from defendant, the only information that could be supplied in a forthcoming report would be the expert's own diagnostic findings. Plaintiffs' attorney maintained that he would have been unable to compel his own expert to render such a voluntary report, and that inasmuch as the real culprit was defendant, in failing to produce X rays or records, it would be inequitable to grant defendant summary judgment. This was insufficient to excuse the lengthy delay here, in the face of plaintiffs' default on the motion to preclude. This was nothing more than law office failure, which is an insufficient reason to allow an action to continue under these circumstances (*Barasch v Micucci*, 49 NY2d 594). As we noted in *Sortino v Fisher* (*supra,* p 31), "there is an intimate relationship between the merit of an action and the fact that it has been neglected". There is no showing of merit here. Plaintiff Jack Canter's affidavit fails to establish any causal link between defendant's acts or omissions and the subsequent periodontal difficulties. In seeking to excuse the failure to serve a medical malpractice bill of particulars in a timely fashion, a plaintiff must establish the legal merits of his case by an affidavit from a physician competent to attest to the meritorious nature of his claim (*Amodeo v Radler,* 89 AD2d 594). Such an affidavit must contain evidentiary facts establishing a viable cause of action, sufficient to defeat a motion for summary judgment (*Sortino v Fisher, supra,* p 32). The record here shows not even a bland statement of opinion by a medical expert that treatment rendered had been below acceptable standards and causative of plaintiff's injuries (cf. *Neufeld v Roome,* 84 AD2d 503). Absent an adequate excuse for delay and a showing of merit, summary dismissal of the complaint should have been unconditional. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Alexander, JJ.