■ JOHN CORRADO, Appellant, v WALLACE C. BENDELL, Respondent. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosenblatt, J.), dated July 15, 1982, which granted the defendant's motion for an order pursuant to CPLR 3012 (subd [b]) dismissing the action for failure to serve a complaint. The appeal brings up for review so much of a further order of the same court, entered August 27, 1982, as, upon reargument, adhered to its original determination. Appeal from the order dated July 15, 1982, dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order entered August 27, 1982, affirmed, insofar as reviewed, without costs or disbursements. On or about March 30, 1982 plaintiff, John Corrado, commenced this medical malpractice action against the defendant by personal service of a summons. Subsequently, on April 19, 1982, the defendant served a notice of appearance and demand for a complaint upon the plaintiff, and by notice of motion dated May 24, 1982 (i.e., 35 days later), the defendant moved for an order dismissing the action due to the plaintiff's failure to serve a complaint within the 20-day period specified in CPLR 3012 (subd [b]). At this juncture, the plaintiff cross-moved, in effect, for an extension of time within which to serve a complaint (CPLR 2004). On July 15, 1982 the Supreme Court, Dutchess County, granted the defendant's motion to dismiss the action and, upon reargument, adhered to its original determination. We affirm. Plaintiff's failure to serve a complaint within the time limited by statute (CPLR 3012, subd [b]) cannot be excused by counsel's conclusory allegation to the effect that "[w]hen [he] was retained in the case it was close to being barred by the Statute of Limitations", and that he needed more time to secure an expert's opinion prior to drafting a complaint. The inability to obtain the services of a medical expert and to overcome, in a timely manner, the other complexities and difficulties inherent in malpractice litigation have generally been held to constitute "law office failures", and are not legally sufficient to

excuse a delay in the service of a complaint (see *Scarborough v Zimmon,* 85 AD2d 892, affd 56 NY2d 784; *Nelson v Eastman Dental Center,* 85 AD2d 887; see, also, *Barasch v Micucci,* 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; cf. *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239). As the Court of Appeals stated in *A & J Concrete Corp. v Arker* (54 NY2d 870, 872): "[T]he courts enjoy a somewhat broader range of discretion when considering a motion for an extension of time under CPLR 2004 *which precedes* any motion to dismiss *than when* considering a motion to dismiss pursuant to CPLR 3012 (subd [b]), *whether or not countered by a motion for extension of time*" (emphasis supplied; cf. *Junior v City of New York,* 85 AD2d 683). In addition, plaintiff's repeated failure to include affidavits of merit among his opposition and moving papers was fatal to his position (see *Barasch v Micucci, supra,* p 599; *Nelson v Eastman Dental Center, supra;* see, also, *A & J Concrete Corp. v Arker, supra; Scarborough v Zimmon, supra; Rothstein v Grayson,* 78 AD2d 677). A plaintiff who seeks to avoid dismissal for failure to serve a complaint within the time limited by CPLR 3012 (subd [b]) must not only demonstrate the existence of a reasonable excuse for his delay, but he must also make a prima facie showing of legal merit (see *Barasch v Micucci, supra; Cobbs v Lefrak Organization,* 85 AD2d 616). As the plaintiff at bar has accomplished neither, it cannot be said that Special Term acted improperly in dismissing the instant action. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.