■ EDYTHE STERLING, Appellant, v YESHIVA OF CENTRAL QUEENS, INC., et al., Respondents, et al., Defendant. — Order of the Supreme Court, Queens County (Leviss, J.), dated August 5, 1983, affirmed, with costs. (See, e.g., *Pazienza v Floral Pet,* 98 AD2d 743.) Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ ROBIN WARNER, Respondent, v HOWARD KUDLER, Appellant. — In an action to recover damages for dental malpractice, defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated August 5, 1983, which granted plaintiff's motion to restore the case to the Trial Calendar. ¶ Order reversed, on the law, without costs or disbursements, and plaintiff's motion denied, without prejudice to renewal upon proper papers. ¶ It has been held that plaintiffs have the burden, in attempting to restore a case the the Trial Calendar, to establish merit, lack of prejudice to defendants and a reasonable excuse (see *Spodek v Lasser Stables,* 89 AD2d 892; *Horn v Schenck Transp. Co.,* 65 AD2d 589; *Ruggerio v Elbin Realty,* 51 AD2d 1011). ¶ With respect to the issue of merit, it was incumbent for the plaintiff herein who is alleging a cause of action based on dental malpractice, to submit an affidavit containing evidentiary facts by a person competent to attest to the meritorious nature of her claim, i.e., a dental expert (see *Hatcher v City of New York,* 99 AD2d 481; *Berman v Brunswick Hosp. Center,* 94 AD2d 736; *Ferrigno v St. Charles Hosp.,* 86 AD2d 594; *Sussman v Franklin Gen. Hosp.,* 77 AD2d 567; *Sortino v Fisher,* 20 AD2d 25, 32; *Keating v Smith,* 20 AD2d 141). In the absence of such an affidavit, Special Term erred in granting plaintiff's motion to restore the case to the Trial Calendar. Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.