■ WILLIAM SHEEHAN, by His Parent and Natural Guardian, EILEEN SHEEHAN, et al., Respondents, v EUGENE HOLLYWOOD et al., Appellants, et al., Defendants.—In an automobile negligence action to recover damages for personal injuries, etc., the defendants Eugene Hollywood and Robert De Santis appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated February 14, 1984, as granted those branches of plaintiffs' motion which were to vacate an automatic dismissal pursuant to CPLR 3404, and to restore the matter to the Trial Calendar.

Order modified, by conditioning restoration upon (1) the personal payment of $250 by plaintiffs' attorney to each appellant; and (2) plaintiffs' filing of a proper statement of readiness if they have not already done so. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The time to comply with the foregoing conditions is extended until 30 days after service upon plaintiffs' attorney of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, then order reversed, insofar as appealed from, with one bill of costs to appellants appearing separately and filing separate briefs, and that branch of plaintiffs' motion which was to vacate the automatic dismissal of the action denied.

Plaintiff William Sheehan suffered very severe injuries in October 1976. He was confined to hospital, and then to bed, until February 1977. This action was commenced in April 1977. It was alleged that he was struck at a crosswalk when an automobile operated by defendant Hollywood and owned by all the defendants proceeded through a red light.

In July 1980, the injured plaintiff, under the care of a new physician, underwent major bone surgery in an effort to alleviate the severe leg-length discrepancy and knee hyperextension from which he continued to suffer in the aftermath of

the 1976 accident and surgery. He was still confined to home and bed when a pretrial conference was held in September 1980. At that conference, with defense counsel present, counsel for the plaintiffs requested an extended adjournment to obtain hospital records and the surgeon's medical report relating to the injured plaintiff's recent surgery, and to ascertain the effects of the new surgery. The Justice presiding at the conference suggested that the matter be marked off the calendar instead, with the understanding that it could be restored on five days' notice to respective counsel. It does not appear that appellants opposed this suggestion. Plaintiffs' counsel sent three letters but failed to acquire the hospital records until March 1982, at which time he paid a small fee therefor. The surgeon's medical report was sought by two letters, but was not obtained until April 1983, when the surgeon was given an authorization permitting payment of his fee out of moneys recovered in the lawsuit. The injured plaintiff required additional surgery in June 1983 for removal of a device which had been implanted in 1980 to keep his femur in position while it healed, and which continued to cause him pain until it was removed. Plaintiff was thereafter confined to bed and home until approximately August 15, 1983 and was under the care of his surgeon through at least January 1984. In January 1984 the instant motion was made to vacate the automatic dismissal of the case (CPLR 3404), to restore the matter to the Trial Calendar, and to permit service of an amended bill of particulars reflecting additional medical expenses and permanent injuries of reduced severity.

A motion to restore a case to the calendar, brought more than one year after the case has been marked off the calendar, must be accompanied by a showing that plaintiff did not abandon the action. In addition, plaintiff must provide proof that his case has some merit, that his opponent has not been prejudiced by the delay, and that his tardiness is reasonably excused (*Monacelli v Board of Educ.,* 92 AD2d 930).

On this record, the presumption of abandonment was adequately rebutted by the injured plaintiff's continuing surgical treatments and his attorney's ongoing efforts to acquire necessary documentation. The medical records presented to the court indicate that this action has merit (*Kolbasiuk v Printers Bindary,* 93 AD2d 739). We deem the long delay in making the instant motion, *inter alia,* to restore the matter to the calendar, to be reasonably excused, noting that the matter was originally marked off the calendar at the instigation of the Justice presiding at a pretrial conference without opposi-

tion from the appellants, that the underlying purpose of marking the matter off the calendar was to ascertain the effects of the injured plaintiff's then recent surgery, that the injured plaintiff was under his surgeon's care throughout, and that no fault can be attributed to plaintiffs for the original need to mark the case off the calendar. No prejudice accrues to appellants upon these facts, nor is any claimed by them. Although we do not find "law office failure" to be the cause of the long delay in restoring the case to the Trial Calendar, we are not unmindful of plaintiffs' counsel's failure to timely move for an enlargement of time to do so and his neglect in failing to keep his opponents and the court apprised of the status of plaintiffs' case during the almost 40 months between the day it was marked off the calendar and the day plaintiffs made their motion to restore. We have therefore fixed what we deem to be an appropriate sanction. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.