■ THOMAS J. COURELL, Respondent, v RAYMOND KURZNER, Defendant, and ST. JOHN'S QUEENS HOSPITAL-ST. JOHN'S QUEENS HOSPITAL DIVISION-CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Appellant.—In an action to recover damages for personal injuries due to medical malpractice, the defendant, St. John's Queens Hospital-St. John's Queens Hospital Division-Catholic Medical Center of Brooklyn and Queens, Inc., appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated December 18, 1984, which denied its motion to dismiss the action as to it for failure to serve a complaint pursuant to CPLR 3012 (b) and granted the plaintiff's cross motion, *inter alia,* to compel the appellant to accept service of the complaint annexed to his papers, on condition the plaintiff pay the sum of $250 to counsel for the appellant.

Order reversed, on the law, with costs, motion granted, cross motion denied, and action dismissed as against St. John's Queens Hospital-St. John's Queens Hospital Division-Catholic Medical Center of Brooklyn and Queens, Inc.

Over two months after the statutorily required date for the service of a complaint expired and in response to the appellant's motion pursuant to CPLR 3012 (b) to dismiss the medical malpractice action as against it, the plaintiff served a complaint, which the appellant rejected as untimely. Thereafter, the plaintiff cross-moved, in effect, for an extension of time to serve the complaint (see, CPLR 3012 [d]).

The plaintiff's failure to serve a complaint within the time limited by statute (CPLR 3012 [b]) cannot be excused by counsel's conclusory allegation that he was unable to draft a complaint until he received the opinion of a medical expert. The inability to secure a medical expert's opinion and to overcome, in a timely manner, the other complexities and difficulties inherent in malpractice litigation has generally been held to constitute "law office failure" and is not legally sufficient to excuse a delay in the service of a complaint (see, Corrado v Bendell, 93 AD2d 876; Scarborough v Zimmon, 90 AD2d 989, affd 59 NY2d 945; Nelson v Eastman Dental Center, 85 AD2d 887). A party opposing a CPLR 3012 (b) motion to dismiss based upon law office failure is obligated to submit an affidavit of merit from a person competent to attest to the meritorious nature of his claim which contains evidentiary facts sufficient to establish a prima facie case (see, Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904; Canter v Mulnick, 60 NY2d 689). Since the plaintiff's medical malpractice claim is predicated upon matters not within the ordinary experience and knowledge of laymen, expert medical opinion evidence is required to demonstrate merit (see, Fiore v Galang, 64 NY2d 999). In this case, neither the affidavit of the plaintiff, who does not allege that he is a medical expert (see, Stolowitz v Mount Sinai Hosp., 60 NY2d 685; Canter v Mulnick, supra), nor the verified complaint suffices to establish the merit of the plaintiff's case (see, Fiore v Galang, supra; Salch v Paratore, 60 NY2d 851). In the absence of an adequate affidavit of merit, it was error, as a matter of law, not to unconditionally grant the appellant's motion to dismiss the action as against it (Kel Mgt. Corp. v Rogers & Wells, supra).

We also note that, contrary to the plaintiff's contention, the appellant did not waive its right to appeal. It is undisputed that the appellant never accepted the costs awarded under the conditional order (cf. Mosera v City of New York, 93 AD2d 833;

*Gohery v Spartan Concrete Corp.,* 85 AD2d 678, *affd* 56 NY2d 785). Furthermore, the hospital properly proceeded to defend this action since no stay of the subject order had been issued. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.