■ ALYCE R. SIMON, Respondent, v AVIS RENT-A-CAR, INC., Appellant.—In an action to recover damages for personal injuries, the defendant Avis Rent-A-Car, Inc. (hereinafter Avis) appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.),

dated December 30, 1985, as, upon the plaintiff's motion to restore the case to the Trial Calendar, in effect, vacated an automatic dismissal pursuant to CPLR 3404.

Ordered that the order is modified, as a matter of discretion, by adding a provision conditioning the vacatur of the automatic dismissal upon the personal payment of $500 by the plaintiff's attorney to the defendant, and providing that in the event the condition is not complied with, then vacatur of the automatic dismissal is denied. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements. The time to comply with the foregoing condition is extended until 30 days after service upon the plaintiff's attorney of a copy of this decision and order, with notice of entry.

In order to vacate the automatic dismissal of a case (CPLR 3404), a plaintiff must show that he or she did not abandon the action. In addition, the plaintiff is obligated to provide proof that his case has some merit, that his opponent has not been prejudiced by the delay, and that his tardiness is reasonably excused (*Sheehan v Hollywood*, 112 AD2d 211). It is in the latter regard only that the plaintiff's moving papers are inadequate. Accordingly, we have fixed what we view to be a proper sanction upon the plaintiff's attorney (*Sheehan v Hollywood, supra*). Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.