■ HARUKO HAMMER et al., Respondents, v D. J. HOCHBERG et al., Appellants.—In a dental malpractice action, the defendants appeal from an order of the Supreme Court, Nassau County (Widlitz, J.), dated May 30, 1986, which granted the plaintiffs' motion pursuant to CPLR 3404, to vacate an automatic dismissal, and to restore the action to the Trial Calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiffs' motion is denied, without prejudice to renewal upon proper papers.

At the plaintiffs' request, their action was marked off the Trial Calendar on April 26, 1984, to be restored upon 10 days' notice, for the purpose of enabling newly substituted counsel to obtain and review the files of the plaintiffs' former counsel. On or about October 26, 1984, substituted counsel was discharged and former counsel was once again retained by the plaintiffs.

On April 26, 1985, the court clerk entered an automatic dismissal of this case pursuant to CPLR 3404. By notice of motion, dated April 30, 1986, the plaintiffs moved to vacate the automatic dismissal and to restore the action to the Trial Calendar. The plaintiffs' counsel alleged that he had been awaiting the receipt of a report from a dental expert before restoring the action to the Trial Calendar. The papers in support of the motion included the affidavit of the plaintiff Haruko Hammer, a verified complaint and an unsworn report by a medical expert, setting forth a factual basis for his opinion that there was a deviation or departure from accepted dental practice and such departure was a proximate cause of the injury sustained by the plaintiff Haruko Hammer.

"A motion to restore a case to the calendar, brought more than one year after the case had been marked off the calendar, must be accompanied by a showing that plaintiff did not abandon the action. In addition, plaintiff must provide proof that his case has some merit, that his opponent has not been prejudiced by the delay, and that his tardiness is reasonably excused" (Sheehan v Hollywood, 112 AD2d 211, 212; Monacelli v Board of Educ., 92 AD2d 930).

Absent a showing of a diligent effort to obtain the report of a dental expert, received approximately one year and three months after it was initially requested, the plaintiffs' counsel's inability to obtain the services of an expert in a timely manner constitutes law office failure (see, Nelson v Eastman Dental Center, 85 AD2d 887; Canter v Mulnick, 93 AD2d 751, affd 60 NY2d 689; Courell v Kurzner, 118 AD2d 677; cf., Sheehan v Hollywood, supra). CPLR 2005 and 3012 (d) allow courts to exercise discretion to excuse delay or default resulting from law office failure, although those provisions do not sanction conduct which demonstrates an intent to abandon the action (Zaldua v Metropolitan Suburban Bus Auth., 97 AD2d 842). A review of the record discloses no intent on the

part of the plaintiffs to abandon the action. Furthermore, no prejudice accrued to the defendants due to the delay in restoring the case to the Trial Calendar, nor is any claimed by the defendants.

Nevertheless, it was incumbent upon the plaintiffs, who are alleging a dental malpractice claim predicated upon matters not within the ordinary experience and knowledge of laymen, to submit an affidavit containing evidentiary facts by a person competent to attest to the meritorious nature of the claim, i.e., a dental expert *(see, Warner v Kudler,* 101 AD2d 886, and cases cited therein). Neither the affidavit of the plaintiff Haruko Hammer, who does not allege to be a dental expert *(see, Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Canter v Mulnick,* 60 NY2d 689, *supra),* nor the verified complaint suffice to establish the merit of her claim *(see, Fiore v Galang,* 64 NY2d 999). Although the report of the plaintiffs' dental expert was factually detailed, it was unsworn and therefore did not satisfy this requirement *(see, Saeed v Boulevard Hosp.,* 109 AD2d 831). In the absence of such an affidavit, the court erred in granting the plaintiffs' motion to restore the case to the Trial Calendar. However, under the circumstances of this case, particularly in view of the plaintiffs' mere omission to have the report of their dental expert verified, the motion is denied, without prejudice to renewal upon proper papers *(cf., Maust v Arseneau,* 116 AD2d 1012). Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.