■ STEVEN J. LEE et al., Appellants, v MARK SIERAD et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered March 16, 1988, which denied their motion to restore the action to the Trial Calendar and dismissed the action.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the plaintiffs' motion is granted on the condition that their attorneys personally pay $1,000 to the defendants within 20 days after service upon him of a copy of this decision and order with notice of entry; in the event that the condition is not complied with, the order is affirmed, with costs.

We conclude that the plaintiffs' motion to restore their action to the Trial Calendar should have been granted since the plaintiffs have demonstrated the existence of a meritorious cause of action and the absence of undue prejudice to the defendants. However, in view of the lapse of one year between the time the action was stricken from the Trial Calendar and the making of the motion to restore the case to the calendar, and the fact that the delay in moving to restore the case to the calendar was caused exclusively by the plaintiffs' counsel, we deem it appropriate to impose the sanction indicated above as a condition to restoring the action to the calendar *(see, Simon v Avis Rent-A-Car,* 127 AD2d 583; *Sheehan v Hollywood,* 112 AD2d 211; *Dunnsinnae Woods Homes v Allstate Ins. Co.,* 100 AD2d 533). Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.