■ STEVEN RAYMOND, Individually and as Administrator of the Estate of MAYER RAYMOND, Deceased, et al., Respondents-

Appellants, v JEFFREY MARX, Appellant-Respondent, and LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Respondent. —In an action to recover damages for medical malpractice and wrongful death, the defendant Jeffrey Marx appeals from so much of an order of the Supreme Court, Queens County (Joy, J.), dated December 19, 1988, as denied his renewed motion for summary judgment dismissing the complaint insofar as it is asserted against him, and the plaintiffs cross-appeal from so much of that order as directed the payment of sanctions to the defendants' attorneys, which sums were designated as reimbursements for costs.

Ordered that the order is reversed insofar as appealed from, on the law, the appellant-respondent's motion for summary judgment dismissing the complaint insofar as it is asserted against him is granted, and the action against the remaining defendant is severed; and it is further,

Ordered that on the cross appeal, the order is modified, as a matter of discretion, by deleting the provision which awarded the attorneys for Dr. Jeffrey Marx the sum of $8,750, and as so modified, the order is affirmed insofar as cross appealed from; and it is further,

Ordered that the defendant Jeffrey Marx is awarded one bill of costs, payable by the plaintiffs.

In opposition to the appellant-respondent's motion for summary judgment dismissing the plaintiffs' medical malpractice and wrongful death causes of action against him, the plaintiffs failed to establish a reasonable excuse for their failure to comply with a conditional order of preclusion dated March 30, 1988 (see, White v Leonard, 140 AD2d 518; Martinelli v Hessekiel, 133 AD2d 104; Rush v Mid Is. Hosp., 128 AD2d 766). Nor did they submit an affidavit of merit containing evidentiary facts establishing the existence of a viable cause of action sufficient to defeat a motion for summary judgment (see, Canter v Mulnick, 93 AD2d 751, affd 60 NY2d 689).

Under the circumstances, we find that the court should have dismissed the complaint insofar as it is asserted against the appellant-respondent, rather than imposing monetary sanctions payable to the appellant-respondent's attorneys. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.