■ MACK FELDER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [657 NYS2d 83] —In an action to recover damages for personal injuries, the defendant appeals from an

order of the Supreme Court, Kings County (Feinberg, J.), dated May 8, 1996, which granted the plaintiff's motion to restore the case to the calendar.

Ordered that the order is affirmed, with costs.

Due to difficulties in obtaining essential medical records, the parties agreed to have the plaintiff's action marked off the calendar, subject to restoration by stipulation within one year. Approximately one year and five weeks later, the plaintiff moved to restore the action to the calendar. Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in granting the motion.

The plaintiff demonstrated a reasonable excuse for the delay in seeking to restore the matter to the calendar by establishing his counsel's ongoing, diligent (and ultimately successful) efforts to obtain hospital records which both parties had subpoenaed, but which the hospital unduly delayed in producing due to its own filing error. Moreover, the verified pleadings and other documents in the record satisfied the plaintiff's obligation to demonstrate a potentially meritorious cause of action. Similarly, the agreement of the parties to restore the case by stipulation within one year, their continuation of discovery during that period of time, and the aforementioned efforts of the plaintiff's counsel to obtain relevant medical evidence collectively sufficed to establish both a lack of prejudice to the defendant and a lack of intent to abandon the action on the part of the plaintiff. Accordingly, the motion to restore was properly granted (*see, Curtin v Grand Union Co.*, 124 AD2d 918).

In view of the foregoing, we do not reach the plaintiff's alternative contention. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.