■ CHARLES P. SHERIDAN, Appellant, v MID-ISLAND HOSPITAL, INC., Defendant, and HORMOZ MANSOURI et al., Respondents. [781 NYS2d 366]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered December 12, 2002, which granted the separate motions of the defendant Hormoz Mansouri, the defendants Gastroenterology Associates of Long Island, P.C., Robert Gross, Charles S. Farber, and Paul R. Pervil, and the defendant Nescati Keskin pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law and as a matter of discretion, with one bill of costs, the motions are denied, and the complaint is reinstated insofar as asserted against the defendants Hormoz Mansouri, Gastroenterology Associates of Long Island, P.C., Robert Gross, Charles S. Farber, Paul R. Pervil, and Nescati Keskin.

The Supreme Court improvidently exercised its discretion in dismissing the complaint insofar as asserted against the respondents pursuant to CPLR 3216 (a) for neglect to prosecute. In opposing the motions, the plaintiff established a justifiable excuse for the delay and that his causes of action were meritorious (*see* CPLR 3216 (e); *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]). In order to restore a matter which has been stricken from the trial calendar pursuant to CPLR 3404, a plaintiff must demonstrate a meritorious claim, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and a lack of prejudice (*see Lupoli v Venus Labs.*, 264 AD2d 820 [1999]). Here, the plaintiff's delay in prosecution of the action, while the result of law office failure, was not willful and that during this period there was some activity by counsel to ascertain the status of a bankruptcy stay regarding a chapter 11 bankruptcy petition filed by the defendant Mid-Island Hospital, Inc., which adequately rebutted the presumption of abandonment (*see Velez v Moslin Assoc.*, 278 AD2d 164, 165 [2000]; *Etter v County of Nassau*, 261 AD2d 571 [1999]). Further, the affirmation of the plaintiff's medical expert was sufficient to demonstrate a meritorious cause of action, with the physician specifying the acts and omissions constituting the medical malpractice which he causally related to the death of plaintiff's decedent (*see Ford v Empire Med. Group*, 123 AD2d 820 [1986]). Nor did the respondents establish that they would be prejudiced by the restoration of this action to the trial calendar. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.