■ NOELLE KRANZ et al., Respondents, v JEFFREY BRAVERMAN et al., Appellants. [790 NYS2d 192]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated July 27, 2004, which granted the plaintiffs' motion to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion to restore the action to the trial calendar after it had been dismissed pursuant to CPLR 3404. The plaintiffs demonstrated that they had a meritorious cause of action, a reasonable excuse for the failure to timely restore,

lack of intent to abandon the matter, and lack of prejudice to the opposing party (*see Sheridan v Mid-Is. Hosp., Inc.,* 9 AD3d 490 [2004]; *Basetti v Nour,* 287 AD2d 126 [2001]; *Yousian v New York Med. Ctr. Hosp. of Queens,* 277 AD2d 449 [2000]). The physician's affirmation, which specified the departures from acceptable standards of medical practice and opined that these departures "were a substantial contributing factor to the cerebral vascular accident and . . . sequalae [*sic*]," sufficiently demonstrated the merits of the action. Contrary to the defendants' contentions, although the affirmation was redacted, the plaintiffs' offer to supply the Supreme Court with an unredacted copy for in camera inspection was sufficient to meet their burden of proof (*see Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 634 [2003]). Under the circumstances of this case, the law office failure proffered by the plaintiffs' attorney constituted a reasonable excuse (*see Hammer v Hochberg,* 128 AD2d 834 [1987]). In addition, the parties' agreement to restore the action by stipulation and the plaintiffs' proposed stipulations to restore the matter to the trial calendar demonstrated that the plaintiffs did not intend to abandon the matter (*see Henne v Lefrak,* 246 AD2d 628 [1998]; *Felder v New York City Tr. Auth.,* 238 AD2d 543 [1997]; *Curtin v Grand Union Co.,* 124 AD2d 918 [1986]). Finally, it does not appear that the defendants will be prejudiced by the delay. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.