IRA LEVINE, Appellant, v BERTRAND AGUS et al., Respondents. [814 NYS2d 215]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated April 11, 2005, which denied his motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar and granted the cross motion of the defendant Bertrand Agus to dismiss the action pursuant to CPLR 3404 to the extent of deeming the action dismissed.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the motion is granted, the cross motion is denied, and the complaint is reinstated.

On June 24, 2002 the parties stipulated in open court to have

the action marked off the trial calendar "to accommodate the various vacation schedules of counsel and experts" and to restore the action to the trial calendar in October or November 2002 without the necessity that an affidavit of a medical expert be provided by the plaintiff. On June 13, 2003 a stay was imposed on all actions or proceedings against the defendant Howard Kloth, who was insured by the Home Insurance Company, pursuant to an order of liquidation regarding that insurance company, issued by the Superior Court of New Hampshire. After the plaintiff was informed on June 15, 2004 that the stay had been lifted, the plaintiff waited five months before moving to restore the action to the trial calendar. In the meantime, the one-year period under CPLR 3404 to restore a matter to the calendar, which was extended due to the liquidation stay, expired on June 26, 2004, and the action was automatically dismissed.

"A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant" (*Williams v D'Angelo*, 24 AD3d 538 [2005]; *see Sheridan v Mid-Island Hosp., Inc.*, 9 AD3d 490 [2004]; *Basetti v Nour*, 287 AD2d 126, 131 [2001]). The Supreme Court should have granted the plaintiff's motion and denied the defendant Agus's cross motion. The Supreme Court found unreasonable the excuse proffered by the plaintiff, namely, that if the matter was restored to the calendar immediately, the action would likely have come up for trial again at a time when all of the parties were still engaged in other cases. However, this particular reason for not seeking restoration was proffered by the plaintiff to excuse the failure to seek restoration before October or November 2002, which was within the one-year time period of CPLR 3404 for restoration of an action without the obligation to demonstrate a reasonable excuse, meritorious action, lack of intent to abandon the action, and lack of prejudice to the defendants (*see Basetti v Nour, supra* at 134-135). Accordingly, that reason cannot form the basis for denying restoration due to an unreasonable excuse for the delay (*id.*). Likewise, the claim of the defendant Agus that he was prejudiced since his expert suffered a serious illness at the end of March 2004, rendering him incapable of participating in this case, was also insufficient to warrant the denial of restoration because, in this case, it too occurred before expiration of the one year when the plaintiff was entitled to restoration "without any obstacles" (*see Basetti v Nour, supra* at 135).

Under the circumstances of this case, the plaintiff's excuse of law office failure for the delay after June 15, 2004 in moving to restore the action, which was occasioned by the matrimonial difficulties experienced by the assigned attorney, was reasonable (*see Kranz v Braverman,* 15 AD3d 451 [2005]; *Kreiner v Mather Mem. Hosp.,* 14 AD3d 657 [2005]). This is particularly appropriate where the case was marked off the trial calendar on consent and a review of the record demonstrates no intent to abandon the action (*see Hammer v Hochberg,* 128 AD2d 834, 835-836 [1987]; *Kranz v Braverman, supra*).

The defendants' remaining contentions are without merit. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.