ROBERT L. PRYOR, Appellant, et al., Plaintiffs, v LONG ISLAND RAIL ROAD et al., Respondents. [835 NYS2d 661]—

In an action to recover damages for personal injuries, the plaintiff Robert L. Pryor, as trustee in bankruptcy of the estate of Theresa Cacciapuoti, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 23, 2006, as denied those branches of his motion which were, in effect, pursuant to CPLR 5015 (a) (5) to vacate an order of the same court dated November 20, 2001, dismissing the action as abandoned, and pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order dated March 23, 2006 is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion which were, in effect, pursuant to CPLR 5015 (a) (5) to vacate the order dated November 20, 2001, dismissing the action as abandoned, and pursuant to CPLR 3404 to restore the action to the trial calendar, are granted.

The Supreme Court improvidently exercised its discretion in denying that branch of the motion of the plaintiff Robert L. Pryor, as trustee in bankruptcy of the estate of Theresa Cacciapuoti (hereinafter the plaintiff), which was to restore the action to the trial calendar after it had been dismissed pursuant to CPLR 3404. The transcript of the deposition of Theresa Cacciapuoti (hereinafter Theresa) and the photographs depicting the defective condition alleged to be the cause of the underlying accident were sufficient to show the existence of a meritorious cause of action (see Palermo v Lord & Taylor, 287 AD2d 258, 260 [2001]; Ramputi v Timko Contr. Corp., 262 AD2d 26 [1999]; cf. Batton v Elghanayan, 43 NY2d 898, 899-900 [1978]; Yadegar v International Food Mkt., 28 AD3d 475 [2006]). Furthermore, Theresa's continuing medical problems provided a reasonable

excuse for the delay in restoring this action to the trial calendar (*see Lebron v New York City Hous. Auth.*, 257 AD2d 541 [1999]; *Kassover v Diamonds Run*, 193 AD2d 515 [1993]; *Sheehan v Hollywood*, 112 AD2d 211, 212-213 [1985]). The plaintiff demonstrated a lack of intent to abandon the action and a lack of prejudice to the defendants, given that the action was originally marked off the calendar voluntarily in order to permit further discovery with respect to consequential injuries, the parties had stipulated to extend the plaintiff's time to restore the action to the trial calendar, and the parties continued to conduct discovery beyond that period of time (*see Kranz v Braverman*, 15 AD3d 451, 452 [2005]; *Felder v New York City Tr. Auth.*, 238 AD2d 543 [1997]; *Curtin v Grand Union Co.*, 124 AD2d 918, 919 [1986]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.