■ BARBARA GRACE, Appellant, v ALBERT J. GRACE et al., Respondents. —In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief from so much of an order of the Supreme Court, Westchester County, entered July 11, 1979, as, upon renewal and reargument, adhered to a prior order of the same court, dated April 19, 1979, denying her motion to extend the time alloted to serve a bill of particulars or to deem it as having been timely served. Order reversed insofar as appealed from, without costs or disbursements, and motion granted to the extent that the bill of particulars annexed to plaintiff's moving papers is deemed to have been timely served, on condition that the plaintiff's attorneys personally pay a total of $250 to defendants within 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof; in the event that the condition is not complied with, then order affirmed insofar as appealed from, with $50 costs and disbursements. After considering all the factors set forth in *Batista v St. Luke's Hosp.* (46 AD2d 806) it is our opinion that Special Term should have granted plaintiff's motion for an extension of the time allotted in a conditional order of preclusion within which to serve her bill of particulars. The record fails to indicate that defendants suffered any prejudice by reason of the two-month delay in serving the bill of particulars, which delay was occasioned by law office failure. The affidavit of the plaintiff establishes that her action has merit, that she had no intent to abandon it, and that she was severely injured in the accident. Under such circumstances, the default should have been opened upon the condition above stated. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ SHELDON GREENBERG, as Administrator of the Estate of CAROLE GREENBERG, Deceased, et al., Respondents, v SHIRLEY FEINBLATT et al., Appellants.—In a wrongful death action, defendants appeal from a judgment of the Supreme Court, Nassau County, entered October 26, 1979, which was in favor of the plaintiffs and against them, upon a jury verdict. Judgment modified, by deleting from the first decretal paragraph thereof, all words beginning with the words "the sum of" and ending with "$108,212.92". As so modified, judgment affirmed, with costs to plaintiffs, and case remitted to Trial Term for a new determination of damages and for the entry of an appropriate amended judgment. The findings of fact as to liability are affirmed. The confusion engendered by the parties' failure to inform the court of the stipulation concerning the *ad damnum* clause, the ambiguity and confusion of the jury with respect to unpaid bills, and the fact that, under the circumstances, it is not possible for this court to apportion the award between the wrongful death and conscious pain and suffering actions, require this case to be remanded to the trial court for a new trial as to damages. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.