■ LAURENCE HIGGINS et al., Appellants, v COMMUNITY HOSPITAL AT GLEN COVE et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated July 9, 1986, as, upon reargument, adhered to its original determination in an order dated May 9, 1985, granting the motion of the defendants Allan Toffler and Roman Alyskewycz for summary judgment in their favor and the cross motion of the defendants the Community Hospital at Glen Cove, Richard Sahai, Rita Prado and C. Hansen for summary judgment in their favor, based upon the plaintiffs' failure to timely comply with a prior conditional order of preclusion of the same court (Becker, J.), dated January 25, 1985.

Ordered that the order dated July 9, 1986 is modified, as a

matter of discretion, by deleting the provisions thereof which adhered to the original determination with respect to all the defendants except the defendant Hansen, and substituting therefor provisions denying the motion and those branches of the cross motion which were for summary judgment dismissing the complaint against all of the defendants except for the defendant Hansen, and the action is severed against the defendant Hansen, upon condition that the plaintiffs' attorney personally pays $500 to each of the five remaining defendants, and as so modified, the order dated July 9, 1986 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that in the event that the condition is not complied with, then the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs; and it is further,

Ordered that the plaintiffs' attorney's time to comply with the foregoing condition is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the order dated May 9, 1985 is modified accordingly.

In the order dated January 25, 1985, the defendants were granted orders of preclusion "unless plaintiff serves the bills of particular[s] within 45 days after service of a copy of this order". The attorneys for the defendants the Community Hospital at Glen Cove (hereinafter the hospital), Sahai, Prado and Hansen allege that they served a copy of that conditional preclusion order by mail on February 1, 1985. The attorneys for defendants Toffler and Alyskewycz concede that they never served a copy of that order upon counsel for the plaintiffs.

By notice of motion dated April 9, 1985, the attorneys for the defendants Toffler and Alyskewycz moved for summary judgment on the ground that plaintiffs failed to serve the bill of particulars within the prescribed 45-day period. This motion was followed on or about April 17, 1985 by a cross motion for the same relief by the remaining four defendants. Prior to the return date of these motions, in a time period between April 16, 1985 and May 2, 1985, the plaintiffs' counsel served four bills of particulars responding to the demands of the defendants. The bills of particulars were received and accepted by the attorneys for the defendants. These letters implicitly accepting the bills of particulars raised objections to the content of the bills and not to their timeliness.

In opposition to the pending motions for summary judgment, the attorney for the plaintiffs contended (1) that the plaintiffs have a meritorious cause of action, and (2) that they did not receive a copy of the conditional order of preclusion. After a hearing on the issue of the alleged nonreceipt of the conditional order of preclusion, the Supreme Court, Nassau County (Kelly, J.), found that the attorneys for the hospital, Sahai, Prado and Hansen had, on February 1, 1985, served by mail upon the plaintiffs' counsel a copy of the conditional order of preclusion. By order dated July 9, 1986 (Oppido, J.), the respective motion and cross motion by the defendants for summary judgment dismissing the complaint were granted.

In order to excuse the failure to timely comply with a conditional order of preclusion, the plaintiffs must demonstrate a reasonable excuse for the delay and the existence of a meritorious cause of action (see, Smith v Lefrak Org., 96 AD2d 859, affd 60 NY2d 828).

A review of the record reveals that the plaintiffs have demonstrated a meritorious cause of action as to all defendants except as to Nurse Hansen. The plaintiffs submitted an affidavit from Dr. Selwyn Fried, a diplomate in urology, who stated that there was a failure to properly diagnose and treat a torsion testicle "which resulted in the eventual loss of [Mr. Higgins'] right testicle". In addition, a review of the appropriate bill of particulars similarly demonstrates a meritorious cause of action as to the defendant nurse Rita Prado (cf., Brusco v St. Clare's Hosp. & Health Center, 128 AD2d 390). There is, however, an insufficient showing of merits as to Nurse Hansen since the allegations against her mistakenly relate to her status as a physician. Accordingly, we affirm the granting of summary judgment in favor of the defendant Hansen.

As to the element of reasonable excuse, the plaintiffs' contention that they were not served with the conditional order of preclusion was rejected by the Supreme Court after a fact-finding hearing. Therefore, based upon the record, we find that the plaintiffs' failure to timely serve the bills of particulars was the result of law office failure. In this regard, we must take into consideration the effect of CPLR 2005, entitled "Excusable delay or default". This statute was interpreted by the Court of Appeals in Raphael v Cohen (62 NY2d 700, 701), as follows: "Supreme Court granted plaintiffs' cross motion to deem their bill of particulars timely served, 'in the interests of justice'. The Appellate Division reversed, on the law, denied plaintiffs' motions, and granted defendants' cross motion for

summary judgment, noting that the only excuse for the delay in serving the bill was law office failure which was an insufficient excuse. CPLR 2005 now allows delay or default due to law office failure to be excused in the exercise of discretion. The Appellate Division should consider whether in the exercise of this discretion plaintiffs' delay in serving their bill of particulars should be excused, as well as whether plaintiffs have demonstrated that they have a meritorious cause of action".

Thereafter, this court, in *Raphael v Cohen* (111 AD2d 155, 156), did exercise its discretion in favor of excusing a law office failure default, for the following reasons: "This court's original memorandum concluded that the excuse proffered by plaintiffs for failing to timely serve their bill of particulars in accordance with a conditional order of preclusion amounted to no more than law office failure *(Raphael v Cohen,* 87 AD2d 815, *supra).* Thereafter CPLR 2005 was enacted to empower the courts, under appropriate circumstances, to exercise discretion in the interest of justice to excuse delay or default resulting from law office failure (CPLR 2005, added L 1983, ch 318, eff June 21, 1983). Pursuant to that enactment, we determine that plaintiffs' default should be excused in accord with the long-established public policy that actions should be resolved on their merits *(Mineroff v Macy's & Co.,* 97 AD2d 535, 536). Although plaintiffs failed to serve their bill of particulars in accordance with a conditional order of preclusion because of law office failure, the defendants suffered no prejudice as a result thereof".

While we will not routinely excuse defaults based solely upon the provisions of CPLR 2005, upon the totality of the circumstances in this case, including the relatively short delay in serving the bills, the absence of willful default or intention to abandon this action *(see, Grace v Grace,* 74 AD2d 896), the lack of any prejudice to the defendants *(see, Grace v Grace, supra),* and the demonstrated meritorious cause of action as to five of the defendants, we exercise our discretion in favor of relieving the plaintiffs from their default.

However, in view of the failure of the plaintiffs' attorney to comply with the original conditional preclusion order, necessitating a plethora of unnecessary litigation, we direct that the plaintiffs' attorney personally pay the sum of $500 to each of the five remaining defendants, in the total sum of $2,500. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.