■ SIDNEY RUTAR, Respondent, v JOHN K. HAWES et al., Defendants, and ST. FRANCIS COLLEGE, Appellant.—In an action to recover damages for breach of contract, St. Francis College appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated June 3, 1988, as granted the plaintiff's motion to add it as a defendant and for leave to serve a supplemental summons and verified complaint adding it as a defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to serve a supplemental summons and amended complaint (see, CPLR 1003) adding the appellant as a defendant in this action. At this juncture of the proceeding, we pass upon no other issue. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.

■ AHMED MOHAMMED SAEED et al., Respondents, v BOULEVARD HOSPITAL, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated August 22, 1988, which granted the plaintiffs' motion to restore their case to the Trial Calendar.

Ordered that the order is reversed, on the law, with costs, and the motion denied.

A motion to restore to the Trial Calendar a case which has been stricken by reason of a plaintiffs' default must be supported by both an acceptable explanation of the default and an affidavit of merit (see, Wind v Cacho, 111 AD2d 808; see also, Zaldua v Metropolitan Suburban Bus Auth., 97 AD2d 842). An affidavit of merit in a case grounded on medical malpractice must be made by a physician or expert indicating that there is a meritorious claim of malpractice (see, Canter v Mulnick, 60 NY2d 689; Hatcher v City of New York, 99 AD2d 481). In the instant case, the unsworn reports of the three physicians which were attached to the plaintiffs' papers contained no such statements. The papers did not even contain a suggestion that medical malpractice had been committed. Accordingly, the plaintiffs' papers were insufficient to warrant restoration of the case to the calendar. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.