■ AUDREY MURDOCK, Respondent, v CENTER FOR SPECIAL SURGERY et al., Defendants, and PROFILES AND CONTOURS, INC., et al., Appellants. [605 NYS2d 387] —In a medical malpractice action to recover damages for personal injuries, the defendants Profiles and Contours, Inc., Andrew P. Ordon, Najma Nadaf, Mark A. Erlich, and Debra Hirsch appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated August 20, 1991, as denied their motion for summary judgment, and granted the plaintiff's cross motion to vacate her default in complying with a conditional order of preclusion.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted against the appellants, the cross motion is denied, and the action against the remaining defendants is severed.

In an order dated September 27, 1990, the appellants were precluded from adducing certain evidence at the trial unless the "plaintiff serves [further] bills of particulars corresponding to the demand of each defendant" within 30 days after service of a copy of that order upon her. This order was served upon the plaintiff's counsel on October 17, 1990, but the plaintiff did not serve her supplemental bill of particulars until February 7, 1991.

Prior to the service of the supplemental bill, the appellants moved to dismiss the complaint based upon the plaintiff's failure to timely comply with the conditional preclusion order. The plaintiff cross-moved to vacate her default in failing to comply. The Supreme Court denied the appellants' motion and granted the cross motion. We now reverse.

"In order to excuse the failure to timely comply with a conditional order of preclusion [a] plaintiff must demonstrate a reasonable excuse for the delay and the existence of a meritorious cause of action" (Higgins v Community Hosp., 135

AD2d 607, 609; *see also, Vanek v Mercy Hosp.,* 162 AD2d 680; *Smith v Lefrak Org.,* 96 AD2d 859, *affd* 60 NY2d 828). In the case at bar, the law-office failure of the plaintiff's attorney which allegedly resulted in the loss of the conditional order of preclusion is insufficient to excuse the lengthy delay in complying with the order *(see,* CPLR 2005; *Fiore v Galang,* 64 NY2d 999).

Moreover, even if we were to exercise our discretion and excuse the law-office failure, the plaintiff has nevertheless failed to establish a meritorious cause of action. It is well settled that in a medical malpractice action, a plaintiff must submit an affidavit of merit from an expert in order to defeat a motion for summary judgment predicated upon a failure to comply with a conditional order of preclusion *(see, Fiore v Galang,* 64 NY2d 999, *supra; see also, Canter v Mulnick,* 60 NY2d 689). The physician's report which was attached to the plaintiff's papers was not sworn and did not contain any language indicating that medical malpractice had been committed.

Under these circumstances, the Supreme Court improvidently exercised its discretion in favor of relieving the plaintiff from her default *(see, Nepomniaschi v Goldstein,* 182 AD2d 743; *Saeed v Boulevard Hosp.,* 157 AD2d 654). Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.