■ BARBARA TOLLIVER et al., Appellants, v COUNTY OF NASSAU, Defendant, and ELLIOT DUBOYS, Respondent. [647 NYS2d 834] —In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered May 23, 1995, which denied their motion to relieve them of their default in complying with a conditional order of preclusion and granted the motion of the defendant Elliot Duboys for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In order to be relieved of their default, the plaintiffs were required to demonstrate both a reasonable excuse and a meritorious cause of action (*see,* CPLR 5015 [a]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138). The fact that the plaintiffs' counsel was in the process of forming an association with another law firm during the time period within which the plaintiff was to comply with the conditional order of preclusion is insufficient to excuse the delay in complying with the conditional order of preclusion (*see,* CPLR 2005; *Fiore v Galang,* 64 NY2d 999; *see also, Felicciardi v Town of Brookhaven,* 205 AD2d 495).

Furthermore, even if the alleged law-office failure were to be excused, "[i]t is well settled that in a medical malpractice action, a plaintiff must submit an affidavit of merit from an expert in order to defeat a motion for summary judgment predicated upon a failure to comply with a conditional order of preclusion" (*Murdock v Center for Special Surgery,* 199 AD2d 482, 483; *see, Fiore v Galang, supra*). Here, however, the physician's report submitted by the plaintiffs is unsigned, unsworn, and does not even identify the physician who prepared the report.

Under these circumstances, the Supreme Court did not

improvidently exercise its discretion in denying the plaintiffs' motion to vacate their default and properly granted the motion of the defendant Elliot Duboys for summary judgment dismissing the complaint insofar as asserted against him. Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.