■ ANDREW BOLAND et al., Appellants-Respondents, v JOHN BIORDI et al., Respondents, and ROBERT R. WEISS et al., Respondents-Appellants. [673 NYS2d 921] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from stated portions of an order of the Supreme Court, Nassau County (Schmidt, J.), dated December 28, 1995, which, *inter alia,* conditioned the vacatur of their default in complying with a conditional order of preclusion dated February 3, 1995, upon the payment of a monetary sanction in the amount of $10,000, and the defendants Robert R. Weiss, M.D., a/k/a Bethpage OB/GYN, Robert R. Weiss, M.D., Myles Kobren, M.D., Nicholas Khulpateea, M.D., and Tarulata Khulpateea, M.D., cross-appeal, as limited by their brief, from so much of the same order as only conditionally granted their motion to dismiss the complaint insofar as asserted against them.

Ordered that the appeal is dismissed as academic; and it is further,

Ordered that the order dated December 28, 1995, is reversed insofar as cross-appealed from, on the law and as a matter of

discretion, the motion to dismiss the complaint insofar as asserted against the cross appellants is granted unconditionally, and the action against the remaining defendants is severed.

"In order to excuse the failure to timely comply with a conditional order of preclusion [a plaintiff] must demonstrate a reasonable excuse for the delay and the existence of a meritorious cause of action" (*Higgins v Community Hosp.*, 135 AD2d 607, 609; *see, Murdock v Center for Special Surgery*, 199 AD2d 482). Moreover, in a medical malpractice action, a plaintiff must submit an affidavit of merit from an expert in order to defeat a motion to dismiss predicated upon a failure to comply with a conditional order of preclusion (*Fiore v Galang*, 64 NY2d 999; *Murdock v Center for Special Surgery, supra*). In the case at bar, the plaintiffs failed to submit an affidavit of merit from an expert.

Under these circumstances, the Supreme Court improvidently exercised its discretion in favor of relieving the plaintiffs from their default (*Murdock v Center for Special Surgery, supra*). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.