■ LYNEE A. F. GOURDET, Respondent, v ALVIN T. HERSH-FELD et al., Appellants. [716 NYS2d 714] —In an action to recover damages for medical malpractice, the defendants separately appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated April 24, 2000, which granted the plaintiff's motion, in effect, to vacate an order of the same court, dated December 10, 1999, granting the defendants' respective motions to dismiss the complaint pursuant to CPLR 3216, upon the plaintiff's default in opposing the motions.

Ordered that the order is reversed, on the law, with one bill of costs, the plaintiff's motion is denied, and the order dated December 10, 1999, is reinstated.

In response to a 90-day demand pursuant to CPLR 3216, the plaintiff failed to timely file a note of issue. Thereafter, the defendants separately moved to dismiss the complaint. The Supreme Court granted the motions upon the plaintiff's default in opposing them. The plaintiff then moved to vacate her default and for leave to file a note of issue. The Supreme Court granted the motion and the defendants appeal.

The Supreme Court improperly granted the plaintiff's motion. In order to vacate her default, the plaintiff was required to demonstrate a reasonable excuse for the default and a meritorious cause of action (see, CPLR 5015 [a]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Martinez v Otis El. Co.,* 213 AD2d 523). The plaintiff's excuse for failing to oppose the defendants' motions to dismiss can only be classified as law office failure. Although the Supreme Court has the discretion to excuse a default resulting from law office failure (see, CPLR 2005; *Rosado v Economy El. Co.,* 236 AD2d 598; *Miles v Blue Label Trucking,* 232 AD2d 382), the conclusory affirmation of the plaintiff's counsel was insufficient to establish an excusable default (see, *Eretz Funding v Shalosh Assocs.,* 266 AD2d 184; *Van Kleeck v Horton Mem. Hosp.,* 251 AD2d 494; *Swedish v Bourie,* 233 AD2d 495; *General Elec. Capital Auto Lease v Terzi,* 232 AD2d 449).

Additionally, the plaintiff failed to establish that she has a meritorious cause of action. Because this is a medical malpractice action, the plaintiff was required to establish the merits of her action by submitting an expert's affidavit (see, *Tolliver v County of Nassau,* 231 AD2d 708; *Murdock v Center for Special Surgery,* 199 AD2d 482, 483). The plaintiff submitted the unsigned affidavit of an unidentified physician in support of her motion. Contrary to her claim, absent the submission of an unredacted physician's affidavit to the Supreme Court for in camera inspection, she is unable to establish the merits of the

action (*see, Fuller v Tae Kwon,* 259 AD2d 662; *see also, Tolliver v County of Nassau, supra*). Moreover, the affidavit she did submit was conclusory (*see, Nepomniaschi v Goldstein,* 182 AD2d 743). Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.