■ MARCIA MEVORAH, Appellant, v MARVIN KING, Respondent. [756 NYS2d 794] —In an action to recover damages for dental malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated November 23, 2001, as, upon granting her motion for renewal and reargument, adhered to its prior determination in an order entered July 26, 2001, which denied her motion to vacate an order of the same court dated May 11, 2000, dismissing the complaint upon her default in appearing for a preliminary conference.

Ordered that the order is affirmed insofar as appealed from, with costs.

By order dated May 11, 2000, the Supreme Court dismissed the plaintiff's action based upon her failure to appear at a preliminary conference (*see* 22 NYCRR 202.27 [b]). The plaintiff's motion to vacate her default was denied by order entered July 26, 2001, on the ground, inter alia, that she failed to demonstrate the potential merit of the action. Upon renewal and reargument, the Supreme Court determined that, while the plaintiff had provided a reasonable excuse for her default, she failed to demonstrate that her action had merit. Therefore, the court adhered to its prior determination.

In moving to vacate her default, the plaintiff was required to establish a reasonable excuse for her failure to appear at the conference and a meritorious cause of action (*see* CPLR 5015 [a]; *Contractors Cas. & Sur. Co. v 535 Broadhollow Realty,* 276 AD2d 737, 738; *Puchal v Puchal,* 273 AD2d 368 [2000]; *Piacentini v Mineola Union Free School Dist.,* 267 AD2d 290, 291 [1999]). We agree with the Supreme Court that although the plaintiff's nonappearance at the conference was excusable based on law office failure, she failed to establish the existence of a meritorious cause of action.

Because this is a dental malpractice action, the plaintiff was required to establish the merits of her action by submitting an expert's affidavit (*see Gourdet v Hershfeld,* 277 AD2d 422 [2000]; *Tolliver v County of Nassau,* 231 AD2d 708 [1996]; *Murdock v Center for Special Surgery,* 199 AD2d 482, 483 [1993]; *cf. Hammer v Hochberg,* 128 AD2d 834, 836 [1987]). No such affidavit was submitted here. There are occasions where such an expert affidavit on a claim of patient abandonment may be dispensed with. "Common sense and ordinary experience and knowledge, such as is possessed by laymen, without

the aid of medical expert evidence, might properly * * * [suggest] * * * that the condition of the [plaintiff] at the time that he [or she] was * * * abandoned by the defendants was not compatible with skillful treatment" (*Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 396 [1941]). Under the circumstances of this case, however, such expert evidence was required to set forth the consequences of the alleged abandonment and how the alleged abandonment represented a departure from good and accepted dental practice. These issues are not within the ken of lay people. Therefore, the plaintiff was not entitled to vacatur of her default. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.