■ ST. AGNES HOSPITAL, Plaintiff, v NORBERT DENGLER, Defendant and Third-Party Plaintiff-Respondent. EDWARD SOTTILE, · Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover for hospital services rendered, and a third-party action to recover damages for medical malpractice, the third-party defendant Edward Sottile appeals

from so much of an order of Supreme Court, Westchester County (Cerrato, J.), dated December 6, 1985, which denied his motion for summary judgment dismissing the third-party complaint as against him, and granted the third-party plaintiff's motion for an extension of time to serve a bill of particulars upon payment of $150 costs.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, the motion to extend the time to serve a bill of particulars is denied, and the third-party complaint is dismissed as against the third-party defendant Edward Sottile.

A conditional order precluding the third-party plaintiff from introducing any evidence concerning matters demanded by the third-party defendant Sottile's demand for a bill of particulars became absolute on November 6, 1984, upon the third-party plaintiff's failure to supply the bill of particulars. The third-party plaintiff proffered a bill of particulars on December 10, 1984, which was rejected as untimely. Thereafter, the third-party plaintiff moved pursuant to CPLR 2004 for an extension of time to serve the bill of particulars, and the third-party defendant Sottile moved for summary judgment dismissing the third-party complaint as against him. The third-party plaintiff sought to excuse the delay on the ground of law office failure, but presented no affidavit of merit either in support of its motion to extend or in opposition to Sottile's motion for summary judgment.

A search of the record on this appeal fails to reveal any sufficient substitute for an affidavit of merit (see, Wind v Cacho, 111 AD2d 808, 809, appeal dismissed 67 NY2d 871; cf., Heffney v Brookdale Hosp. Center, 102 AD2d 842, appeal dismissed 63 NY2d 770).

Absent a sufficient affidavit of merit, Special Term erred, as a matter of law, by denying the third-party defendant's motion for summary judgment dismissing the third-party complaint as against him, even where the third-party plaintiff relied on law office failure and the delay in complying with the order of preclusion was short (see, Fiore v Galang, 64 NY2d 999, 1000; Canter v Mulnick, 60 NY2d 689). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.