■ GERALD WHITE et al., Respondents, v WESLEY E. LEONARD, Appellant, et al., Defendant.

The plaintiffs commenced their action against the appellant by service of a summons and complaint in October 1983. The appellant served an answer and a demand for a bill of particulars in January 1984. The plaintiffs supplied a bill of particulars in response to the appellant's demand a year and one half later in May 1985. Contending that the responses to items Nos. 1, 7 and 11 of his demand were inadequate, the appellant brought a motion to preclude the plaintiffs from offering proof with respect to those items unless they served a further bill of particulars with respect thereto. A 20-day conditional order of preclusion was granted without opposition on June 13, 1985, and was duly served upon the plaintiffs' attorney on July 2, 1985.

When the plaintiffs failed to serve a further bill of particulars within the requisite time period, the appellant brought a motion seeking summary judgment dismissing the complaint on the basis of the preclusion order. The plaintiffs opposed that motion and also cross-moved for an order setting discovery. The Supreme Court (Harwood, J.), by an order entered December 20, 1985, denied both the motion and cross motion, granted the plaintiffs 30 days within which to properly apply for a vacatur of the preclusion order and granted the appellant leave to renew his motion if the plaintiffs failed to so apply.

The plaintiffs timely moved to set aside the original preclusion order, and the appellant cross-moved to renew his motion for summary judgment. The Supreme Court (Becker, J.), by an

order dated August 25, 1986, granted the plaintiffs' motion, allowed them to serve a further bill of particulars, and denied the appellant's cross motion.

It is well established that in order for a plaintiff to avoid the adverse impact of an order of preclusion, he or she must demonstrate an excusable default and the existence of a meritorious claim *(La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014; *Rush v Mid Is. Hosp.,* 128 AD2d 766). The excuse proffered by the plaintiffs' counsel for failing to comply with the preclusion order—that he was on an extended sojourn abroad—does not satisfy the requirements of the CPLR that good cause be shown for the delay *(see, Henderson v Stilwell,* 116 AD2d 861, *lv denied* 68 NY2d 606). In any event, even if the excuse for the default were acceptable, the plaintiffs failed to establish the legal merits of their case by an affidavit from a physician competent to attest to the meritorious nature of their claim *(see, Bailey v North Shore Univ. Hosp.,* 91 AD2d 967, *affd* 59 NY2d 748; *Amodeo v Radler,* 89 AD2d 594, *affd* 59 NY2d 1001). The affidavit of the injured plaintiff himself, a layman, was insufficient *(see, Fiore v Galang,* 64 NY2d 999; *Hargett v Health & Hosps. Corp.,* 88 AD2d 633). Thus, the Supreme Court should have denied the plaintiffs' motion and granted the appellant's cross motion.

In view of the this disposition, we need not reach the question of whether the order entered December 20, 1985 was proper. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.