■ RICHARD ONORIO, Appellant, v CHERYL A. MILLER et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated April 1, 1987, which granted the defendants' motion for summary judgment and denied his motion to vacate a prior unconditional order of preclusion.

Ordered that the order is affirmed, with costs.

The defendants served a demand for a bill of particulars on

or about May 23, 1984. By notice of motion dated September 12, 1986, the defendants made a motion to preclude (CPLR 3042 [c]). On the adjourned return date of this motion, October 16, 1986, the plaintiff's attorney appeared in court but was unable to obtain the consent of his adversary to a further adjournment, and, because he was occupied with other matters, apparently failed to apply to the court for an adjournment. The motion to preclude was subsequently granted on default.

The defendants later sought an order granting summary judgment in their favor based on the order of preclusion. The plaintiff cross-moved to vacate the prior order of preclusion. The defendants' motion was granted and the plaintiff's cross motion was denied. This appeal followed.

Even assuming that the plaintiff has offered a valid excuse for allowing the defendants' motion to preclude to be submitted without opposition, no valid explanation or excuse has been offered for the extensive delay in serving a bill of particulars. Over two years elapsed before the plaintiff responded to the demand for a bill of particulars. The purported excuse for this delay is that the severity of the plaintiff's injuries was subject to reassessment during these two years. However, this circumstance should not have prevented the plaintiff from serving a timely bill of particulars, while reserving the right to serve a later supplemental bill of particulars in order to itemize any further injuries. Further, the only affidavit of merit submitted by the plaintiff consists of the proposed bill of particulars, which contains vague "boilerplate" language and does not specify how the accident occurred. In light of the inadequacy of this purported excuse, as well as the inadequacy of the plaintiff's showing of merit, the court properly exercised its discretion by refusing to vacate its prior order of preclusion and by granting summary judgment to the defendants (see generally, White v Leonard, 140 AD2d 517; Assad v Gelb, 110 AD2d 738, lv denied 65 NY2d 610). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.