■ VINCENT DONOVAN et al., Respondents, v GETTY PETROLEUM CORP. et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendants Getty Petroleum Corp. and Leemilt's Petroleum, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated December 12, 1989, as denied that branch of their motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the appellants' motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs commenced this action to recover damages for personal injuries and property loss caused by exposure to groundwater contaminated by substances which leaked from the defendants' underground gasoline storage tanks. The plaintiffs alleged that the defendants were negligent in allowing the tanks to exist in a dangerous and defective condition. The time period for which damages are sought commenced on or about November 1985.

The defendants Getty Petroleum Corp. and Leemilt's Petroleum, Inc. (sued here as "Lemult's Petroleum Corp.") (hereinafter the appellants) served a demand for a bill of particulars upon the plaintiffs on November 21, 1988. Notwithstanding the demand and two subsequent letters from the appellants' counsel, dated April 12, 1989, and April 28, 1989, respectively, the plaintiffs failed to serve a bill of particulars. By order dated June 21, 1989, the Supreme Court granted the appellants' motion to preclude the plaintiffs from offering any evidence at trial relevant to the items for which particulars had been demanded, unless the plaintiffs served a bill of

particulars upon the appellants within 45 days of service of a copy of the order with notice of entry. On June 29, 1989, the appellants served upon the plaintiffs' attorney a copy of that order with notice of entry.

No action was taken on behalf of the plaintiffs until August 11, 1989, when the plaintiffs' counsel telephoned the appellants' attorney to request an enlargement of time in which to serve the bill of particulars. The request was denied.

On August 29, 1989, the appellants' present attorney received a call from his predecessor informing him that a paper denominated a "verified bill of particulars" had been received by the predecessor counsel on August 17, 1989. Upon review of the verified bill of particulars, the appellants' counsel rejected it on the ground, *inter alia,* that it was not sufficiently responsive to the demands served. The appellants thereupon moved for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, for a final order of preclusion.

It is well settled that in order for plaintiffs to avoid the adverse impact of an order of preclusion, it is incumbent upon them to demonstrate an excusable default and the existence of a meritorious claim *(see, La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014; *White v Leonard,* 140 AD2d 518, 520; *Rush v Mid Is. Hosp.,* 128 AD2d 756). The excuse proffered by the plaintiffs at bar for failing to comply with the conditional order of preclusion—law firm merger and loss of pertinent portions of the plaintiffs' file— does not satisfy the requirement that good cause be shown for the delay *(see, White v Leonard, supra).* The attorney's affidavit submitted on the plaintiffs' behalf was patently insufficient *(see, Fiore v Galang,* 64 NY2d 999). Counsel's claim that "until documentary evidence can be examined and depositions of various individuals taken, the claims against the individual defendants must remain somewhat generalized", is rendered incredible by the failure of the plaintiffs to seek disclosure from any defendants.

Under the circumstances, the branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, on the basis of the preclusion order, is granted. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.