■ LAURIE A. RECHT, Appellant, v ENRIQUE J. TEUSCHER et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated January 10, 1990, which denied her motion to vacate an order of that same court, dated October 24, 1989, which dismissed the complaint as to both of the defendants.

Ordered that the order is affirmed, with one bill of costs.

The law is well settled that "except as to matters within the ordinary experience and knowledge of laymen, in a medical malpractice action, expert medical opinion evidence is required to demonstrate merit" (Fiore v Galang, 64 NY2d 999, 1001). It is clear that the bulk of the complaint alleges negligent psychiatric care. In this light, neither the plaintiff's affidavits nor counsel's affirmations were sufficient to demonstrate merit, inasmuch as they are not medical experts qualified to offer an opinion on whether the out-patient psychiatric treatment, which the plaintiff received at the Westchester County Medical Center, and her involuntary commitment were deviations from proper medical practice. The unsworn psychologist's report, submitted on the plaintiff's behalf, was likewise insufficient (see, Hammer v Hochberg, 128 AD2d 834, 836). The supplemental appellant's brief, and the medical affidavit dated approximately three months after the order appealed from which it contains, are not properly before the court (CPLR 5526; see, Recht v Teuscher, App Div, 2d Dept, Aug. 2, 1990).

It is apparent from the record that the plaintiff's counsel was well aware of the fact that the defendants were moving to dismiss the complaint due to the plaintiff's obstructive tactics and her continued refusal to answer deposition questions in contravention of court directives. Furthermore, the Supreme Court afforded the plaintiff ample time for the submission of opposition papers. The plaintiff nevertheless failed to oppose

the dismissal motions. Under the circumstances, the Supreme Court properly determined that no reasonable excuse existed for the default.

While the plaintiff had no statutory obligation to furnish an affidavit of merit in connection with her opposition to the defendants' motions pursuant to CPLR 3126, we may nevertheless consider the absence of any showing of merit as a factor affecting our decision whether a sanction less drastic than dismissal might be warranted *(see, Wolfson v Nassau County Med. Center,* 141 AD2d 815, 816). In view of the absence of a showing of merit and the plaintiff's continued refusal to answer proper deposition questions, we conclude that dismissal was the appropriate remedy here. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.