■ In the Matter of the Estate of VICTOR E. JOHNSON, Deceased. GARDNER F. WERKING, JR., as Administrator of the Estate of VICTOR E. JOHNSON, Deceased, Respondent; JANET HANDFORD, Appellant. [596 NYS2d 526] —Appeal from an order of the Surrogate's Court of Columbia County (Leaman, S.), entered June 15, 1992, which, *inter alia,* granted petitioner's motion for summary judgment dismissing the objections to the probate of decedent's last will and testament.

In our view, Surrogate's Court properly exercised its discretion in refusing to vacate its prior unconditional order of preclusion and in granting petitioner's motion for summary judgment *(see, Onorio v Miller,* 143 AD2d 80; *McGraith v Wehrung,* 42 AD2d 825). On July 26, 1991, after respondent had filed her objections to the probate of decedent's will, petitioner served a demand for a bill of particulars. On September 10, 1991 petitioner's attorney sent respondent's attorney a letter demanding delivery of the bill of particulars. There was no response to this request and on October 16, 1991 petitioner moved to compel an answer to his demand. On November 25, 1991 a proposed preclusion order was also submitted to Surrogate's Court along with proof of service of the motion to preclude. Respondent failed to oppose either motion. On December 9, 1991 the court signed the preclusion order. Respondent finally submitted her bill of particulars on December 13, 1991.

Respondent argued primarily that the delay was occasioned by the difficulty in obtaining medical records. This should not, however, have prevented the timely service of her bill of particulars. Respondent could have furnished a partial bill of particulars, while reserving the right to supplement it later when the medical information became available *(see, Onorio v Miller, supra; Goldstein v Wickett,* 3 AD2d 135). Instead, respondent made no effort to comply with the demand. Nor, under the circumstances of this case, was it an abuse of discretion for Surrogate's Court to have granted an absolute order of preclusion without first granting one on a conditional basis *(cf., Moschetti v Arnot-Ogden Mem. Hosp.,* 69 AD2d 963; *Barone v Gangi,* 34 AD2d 889). As the court noted, not only was notice of the motion given to respondent by petitioner's

counsel, but additional notices came from the court directly indicating that "it was prepared to sign the order[ ] upon receipt of proof of service". Despite these warnings, no attempt was made to oppose the request for an unconditional preclusion order, to request that the order be made conditional or to obtain an extension of time, and no bill of particulars was served until after the preclusion order was signed. In addition, the request to vacate was not made until after petitioner moved for summary judgment. Finally, we note that insofar as respondent will not be able to establish her case by reason of the preclusion order, summary judgment was properly awarded to petitioner (see, Clements v Peters, 33 AD2d 1096).

Mikoll, J. P., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.