■ Beverly Clanton, Appellant, v Paul Vagianellis et al., Defendants, and Ronald H. Sinzheimer, Respondent. [596 NYS2d 593] —Mahoney, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 10, 1991 in Schenectady County, which, *inter alia,* granted defendant Ronald H. Sinzheimer's motion for summary judgment dismissing the complaint against him.

This action arises out of plaintiff's purchase of a majority interest in The Place for Steaks, Inc. As is more fully set forth in a prior decision of this Court (189 AD2d 849), the corporation began to experience severe financial difficulties shortly after purchase. Plaintiff then commenced this action against the sellers alleging that they fraudulently misrepresented the corporation's financial situation and against her attorney, defendant Ronald H. Sinzheimer (hereinafter defendant), sounding in legal malpractice alleging that he negligently represented her and breached a fiduciary duty owed to her. We earlier affirmed the dismissal of the claims against the sellers *(supra),* leaving only the legal malpractice claim which is the subject of the instant appeal.

A review of the record with regard to this claim establishes that following receipt of an assertedly defective bill of particulars, defendant made a motion for an order of preclusion or in the alternative for a further bill of particulars. Supreme Court agreed that certain of plaintiff's responses were insufficient and issued a conditional order requiring plaintiff to serve a further bill of particulars within 30 days after service of a copy thereof with notice of entry. Service was effected on

September 28, 1987. While the parties proceeded with discovery, conducted depositions and ultimately filed a note of issue in 1990, plaintiff never complied with the 1987 further bill of particulars order. This default prompted defendant to move for summary judgment in June 1991. Plaintiff cross-moved for an order directing defendant to accept service of a further bill of particulars claiming law office failure and lack of prejudice. Supreme Court denied the cross motion and granted defendant's motion. Plaintiff appeals.

There must be an affirmance. It is well established that in order for a party to obtain an extension of time to comply with a conditional preclusion order of which he or she is in default, a reasonable excuse for the default must be presented along with an affidavit of merit from a person competent to attest to the merit of the claim or defense involved *(see, St. Agnes Hosp. v Dengler,* 131 AD2d 657, 658; *see also, Coakley v Gabel,* 158 AD2d 954, *lv dismissed, lv denied* 76 NY2d 931; *White v Leonard,* 140 AD2d 518, 519-520, *appeal dismissed* 73 NY2d 756; *Fiore v Galang,* 105 AD2d 970, *affd* 64 NY2d 999). The reasonableness of the excuse and the sufficiency of the affidavit of merit are left to the sound discretion of the nisi prius court *(see, Giscombe v Flatbush Gen. Hosp.,* 133 AD2d 666, 667). Here, we cannot say that Supreme Court abused its discretion in not accepting plaintiff's proffered excuse, to wit, a wholly speculative statement by plaintiff's current counsel that at the time the 1987 order was served the law firm then representing plaintiff was splitting up, thus rendering it "most likely that Attorney Pivar was mailed the Preclusion Order and when the file was sent back to Attorney Daffner same was not called to his attention". This is especially so considering the inordinate length of the delay and the fact that the attorney who was involved in the 1987 motion apparently stayed with the firm and continued to work on the file. Moreover, while not relied upon by Supreme Court, it is not without significance that no expert affidavit was submitted on the motion by plaintiff attesting to the standard of professional care and skill that defendant allegedly failed to meet, a showing which is necessary to the demonstration of merit in a legal malpractice case *(see, O'Brien v Spuck,* 99 AD2d 910, 911; *Fidler v Sullivan,* 93 AD2d 964; *see also, Fiore v Galang,* 64 NY2d 999; *St. Agnes Hosp. v Dengler, supra).*

Plaintiff thus being unable to introduce any evidence concerning matters of which she failed to supply a further bill of particulars and having also failed to submit any expert proof in opposition to defendant's motion, Supreme Court's grant of

summary judgment dismissing the complaint against him was also in all respects proper (see, Fiore v Galang, supra; see also, Bock v Schiowitz, 168 AD2d 593; Neuman v Greenstein, 99 AD2d 1018).

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.