■ ELOISE PRICE et al., Respondents, v JOSEPH SALVO, Appellant. [610 NYS2d 80] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 25, 1992, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

It is well established that in order for the plaintiffs to avoid the adverse impact of an order of preclusion, it was incumbent upon them to demonstrate an excusable default and the existence of a meritorious claim *(see, Becerril v Skate Way Roller Rink,* 184 AD2d 365; *Donovan v Getty Petroleum Corp.,* 174 AD2d 706; *White v Leonard,* 140 AD2d 518). In addition to the fact that the affirmation of the plaintiffs' counsel, served nearly six months after the conditional order of preclusion, failed to set forth any documentary facts as to his professed illness, he failed to explain why the bill of particulars was not served between the initial demand on or about December 8, 1987, and the end of March 1990 when he claimed to have taken ill. Further, he admittedly had an associate in his employ who could have taken care of the matter and the defendant's counsel demanded the bill of particulars on two separate occasions prior to the plaintiffs' counsel falling ill.

Counsel's illness, which constituted the excuse for the delay, only accounted for a small period of time in which the plaintiffs were to have served their bill of particulars. As no other reasonable excuse was given, summary judgment should have been granted *(see, Berman v Brunswick Hosp. Ctr.,* 94 AD2d 736; *Hargett v Health & Hosps. Corp.,* 88 AD2d 633). Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.