■ MAUREEN FELICCIARDI et al., Respondents, v TOWN OF BROOKHAVEN et al., Defendants, and NELSON MAINTENANCE SERVICES, INC., Appellant. (Action No. 1.) MAUREEN FELICCIARDI et al., Plaintiffs, v NELSON MAINTENANCE SERVICES, INC., et al., Defendants. (Action No. 2.) [613 NYS2d 188] —In two actions to recover damages for personal injuries, etc., the defendant Nelson Maintenance Services, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 19, 1992, as denied its motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the complaint in Action No. 1, is dismissed insofar as asserted against the appellant, and the action is severed as against the remaining defendants.

On November 18, 1986, the plaintiff Maureen Felicciardi was injured when she slipped and fell on a hallway floor in the United States Internal Revenue Service Building in Holtsville, New York, which had allegedly been negligently waxed by the defendant Nelson Maintenance Services, Inc. (hereinafter Nelson). Thereafter, for reasons which are not entirely clear from the record, the plaintiffs commenced two separate actions, one in Suffolk County (Action No. 1) and another in New York County (Action No. 2). Nelson was named as a defendant in both actions, although it subsequently alleged that it was never served in Action No. 2. In Action No. 1, Nelson served the plaintiffs with demands for a bill of particulars and other discovery on April 10, 1991. When the plaintiffs did not respond, Nelson moved for and obtained, without opposition from the plaintiffs, a conditional order of preclusion, which was served upon the plaintiffs' counsel on May 21, 1992. Following the plaintiffs' failure to comply with this order within 60 days, in late August 1992, Nelson moved for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it. On the eve of the return date of that motion, the plaintiffs produced their quite routine bill of particulars and responses to combined demands, appended to a cross motion which sought, *inter alia,* an order deeming their bill of particulars timely filed and consolidation of Actions No. 1 and No. 2. The plaintiffs offered no explanation for their delay, although in a subsequent sur-reply affirmation

they blamed the Office of Workers' Compensation Programs for not responding promptly to their requests for the injured plaintiff's medical records. The Supreme Court denied Nelson's motion for summary judgment, excused the plaintiffs' default in failing to comply with the conditional order of preclusion, and joined the two actions solely for the purpose of a trial.

It is well established that in order for the plaintiffs to avoid the adverse impact of an order of preclusion, it is incumbent upon them to demonstrate an excusable default and the existence of a meritorious claim *(Donovan v Getty Petroleum Corp.,* 174 AD2d 706, 707).

Although the injured plaintiff has adequately established the merits of her claim *(see, Wilenski v Auricchio Monuments,* 102 AD2d 824), under the totality of the circumstances, we find that the Supreme Court improvidently exercised its discretion in relieving the plaintiffs of their default *(Higgins v Community Hosp.,* 135 AD2d 607, 610). Notwithstanding the court's authority to excuse a delay or default resulting from law office failure (CPLR 2005; *Raphael v Cohen,* 111 AD2d 155), it is still incumbent upon the plaintiffs to offer some reasonable excuse for their dereliction in obeying a conditional order of preclusion, particularly where, as here, the delay was lengthy—indeed, bordering on the willful—and the appellant is arguably prejudiced *(see, e.g., Donovan v Getty Petroleum Corp., supra).* The plaintiffs' excuse that the delay was due to the difficulty in obtaining the injured plaintiff's full medical records from the Office of Workers' Compensation Programs was offered only in a belated sur-reply affirmation, and in any event does not explain why a basic bill of particulars could not have been timely served, with a reservation of plaintiffs' right to supplement it with new items of damages upon receipt of updated medical information *(see, Onorio v Miller,* 143 AD2d 80, 81). Finally, Nelson's claim of prejudice cannot be lightly dismissed, as it is difficult to imagine how the appellant can prove, some seven and a half years after the event, that it was not negligent in the application of wax to a hallway floor in the IRS building in Holtsville, New York on or around November 18, 1986. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.