■ EDMUND D. MANN, Respondent, v MARK DACHEL et al., Appellants. [620 NYS2d 1003] —In an action, *inter alia,* to recover damages for personal injuries and malicious prosecution, the defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 24, 1993, as denied their cross motion to dismiss the complaint for failure to comply with a conditional order of preclusion, and (2) from an order and judgment (one paper) of the same court, dated January 10, 1994, which granted that branch of the plaintiff's motion which was for partial summary judgment on his cause of action to recover damages for malicious prosecution.

Ordered that the order dated May 24, 1993, is reversed insofar as appealed from, on the law, the defendants' cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the order and judgment dated January 10, 1994, is vacated, in light of the determination on the appeal from the order dated May 24, 1993, and the appeal from that

order and judgment is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

It is well established that in order for a plaintiff to avoid the adverse impact of a conditional order of preclusion, it is incumbent upon the plaintiff either to comply with the order or to demonstrate an excusable default and the existence of a meritorious claim *(see, Felicciardi v Town of Brookhaven,* 205 AD2d 495; *Price v Salvo,* 203 AD2d 349; *Becerril v Skate Way Roller Rink,* 184 AD2d 365; *Donovan v Getty Petroleum Corp.,* 174 AD2d 706). Since the plaintiff did not comply with the order of preclusion, and did not demonstrate an excusable default or a meritorious claim, the complaint must be dismissed.

In light of our determination, the order and judgment granting the plaintiff summary judgment on his malicious prosecution cause of action is vacated. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.