■ Susan Zirin, Appellant, v Brookdale Hospital Medical Center et al., Respondents, et al., Defendants. [628 NYS2d 394] —In an action to recover damages for wrongful death based upon medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Scholnick, J.), dated

December 1, 1993, which granted the respondents' motion to dismiss the complaint, and (2) as limited by her brief, from so much of an order of the same court, dated March 11, 1994, as, upon renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 1, 1993, is dismissed, as that order was superseded by the order dated March 11, 1994, made upon renewal and reargument; and it is further,

Ordered that the order dated March 11, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Where, as here, a plaintiff has a history of resisting disclosure and has twice disobeyed a court's disclosure order, such disobedience "fully supports the court's exercise of discretion in striking the plaintiff's complaint" *(Bigman v Dime Sav. Bank,* 181 AD2d 648; *see also, Flax v Standard Sec. Life Ins. Co.,* 150 AD2d 894; *Onorio v Miller,* 143 AD2d 80; *Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580). For two years the plaintiff failed to respond to the respondents' demands for bills of particulars, failed to obey a court order directing her to comply with the respondents' demands, and ignored a conditional order of dismissal allowing her, despite her default in complying with the respondents' demand, an additional 30 days to comply with the court's prior discovery order.

In addition, once the conditional order of dismissal became effective by its terms *(see, Bock v Schiowitz,* 168 AD2d 593), the plaintiff could only open up her default by establishing a reasonable excuse for her delay, as well as the merits of her claim *(Donovan v Getty Petroleum Corp.,* 174 AD2d 706, 707; *White v Leonard,* 140 AD2d 518). The plaintiff has established neither in this case, offering no explanation whatsoever for her failure to supply timely discovery, and failing to produce an affidavit of merit from a physician competent to attest to the meritorious nature of her claim *(see, e.g., Recht v Teuscher,* 176 AD2d 863; *Hammer v Hochberg,* 128 AD2d 834). The unsworn letter she submitted from her psychiatric expert merely explores possible alternative theories of malpractice, while connecting none of them to the decedent's death.

Finally, the court did not err in adhering to its original determination upon the plaintiff's motion to renew and reargue, because the plaintiff did not identify any previously unknown facts, nor any mistake of fact or law that the court had committed in dismissing the complaint *(see, e.g., Pahl Equip. Corp. v Kassis,* 182 AD2d 22; *Chiarella v Quitoni,* 178 AD2d 502;

*Swenning v Wankel,* 140 AD2d 428). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.