■ GENEVA TRUESDALE, Individually and as Administratrix of the Estate of ROBERT L. TRUESDALE, JR., Deceased, Respondent, v COUNTY OF ERIE et al., Appellants, et al., Defendant. [645 NYS2d 676] —Order unanimously reversed on the law without costs, motion granted and complaint against defendants County of Erie and Robert B. Whitney, M.D., dismissed. Memorandum: Plaintiff's decedent was admitted to Erie County Medical Center on January 1, 1990. He died on January 5, 1990. Plaintiff commenced this action on January 3, 1992, alleging medical malpractice, lack of informed consent, and wrongful death.

Defendants County of Erie and Robert B. Whitney, M.D., answered the complaint in March 1992 and served a demand for a verified bill of particulars and an omnibus discovery demand at the same time. Over a year later, defendants acknowledged receipt of plaintiff's demand to depose Dr. Whitney, but indicated that the deposition would not be taken because plaintiff had not yet served a bill of particulars nor responded to the discovery demand.

By notice of motion dated September 8, 1993, defendants moved to compel discovery and for an order of preclusion. Plaintiff's attorney adjourned the return date of the motion on several occasions; when he did appear in court, he consented to the entry of a 30-day conditional order of preclusion. The order was granted on December 16, 1993 and served on plaintiff's attorney on December 21, 1993. Plaintiff did not seek an extension of time to comply with the order, or move to vacate it; he did not serve a verified bill of particulars until April 28, 1994, which defendants rejected as untimely.

In response to defendants' motion for summary judgment, plaintiff's attorney submitted an affidavit averring that he did not recall receiving the order of preclusion and that, on December 22, 1993, he went on vacation and thus did not personally open his mail during the week that he was out of the office. Supreme Court denied defendants' motion, expressing a preference to have actions disposed of on their merits. That was error.

Plaintiff failed to demonstrate a reasonable excuse for the delay; the law office failure of plaintiff's attorney is insufficient to excuse the lengthy delay in complying with the conditional order of preclusion (*see, Murdock v Center for Special Surgery*, 199 AD2d 482, 483). Plaintiff's attorney did not respond to the demand for a bill of particulars for over two years; indeed, he served the verified bill of particulars four months after his acknowledgment in open court that he would respond within 30 days of service of the order. He neither sought an extension of time to comply with the order nor moved to vacate it. The court therefore abused its discretion in denying defendants' motion. (Appeal from Order of Supreme Court, Erie County, Gossel, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.