■ DEAN P. KOSKI, Respondent, v RYDER TRUCK et al., Appellants, and CPS ELECTRIC, LTD., et al., Respondents. [665 NYS2d 134] —Order unanimously reversed on the law without costs, cross motion denied and motion granted. Memorandum: On January 18, 1996, in response to a preclusion motion by Ryder Truck (Ryder) and General Electric Co., Inc. (General Electric) (defendants), based upon plaintiff's failure to comply with a stipulated scheduling order for discovery, Supreme Court issued an order denying the motion conditioned upon payment by plaintiff's attorney to defendants' attorney of $100 for motion costs and $350 for attorney fees within 30 days of the date of the order. Plaintiff's attorney failed to comply with the order, and defendants moved for summary judgment dismissing the complaint against them on the ground that plaintiff could not prove his case as a result of the preclusion order. Plaintiff cross-moved for relief from the preclusion order. In an affidavit, plaintiff's attorney stated that he wrote a letter and cut a check on February 15, 1996, and thought that they were mailed to defendants' attorney. Upon receipt of the motion for summary judgment, he discovered that the letter and check had been misplaced and had not been sent. The court denied defendants' motion and granted plaintiff's cross motion, indicating its preference that the action be tried on the merits.

"It is well settled that in order for plaintiff[ ] to avoid the adverse impact of an order of preclusion, it is incumbent upon [him] to demonstrate an excusable default and the existence of a meritorious claim" (*Donovan v Getty Petroleum Corp.,* 174 AD2d 706, 707; *see also, Tolliver v County of Nassau,* 231 AD2d 708; *Mann v Dachel,* 210 AD2d 461, 462; *Felicciardi v Town of Brookhaven,* 205 AD2d 495, 496, *lv denied* 85 NY2d 810; *Price v Salvo,* 203 AD2d 349; *Clanton v Vagianellis,* 192 AD2d 943, 944). Although the reasonableness of the excuse is generally left to the sound discretion of the trial court (*see, Clanton v Vagianellis, supra,* at 944), we conclude that the trial court abused

its discretion. Law office failure does not establish good cause for failing to comply with the preclusion order (*see, Donovan v Getty Petroleum Corp., supra; see also, Truesdale v County of Erie,* 229 AD2d 907; *Clanton v Vagianellis, supra*), and the court's preference to have the case tried on the merits does not excuse plaintiff from demonstrating a reasonable excuse for his failure to comply with the preclusion order (*see, Truesdale v County of Erie, supra*). Because the preclusion order prevents plaintiff from introducing any evidence in support of his cause of action, defendants have met their burden of establishing entitlement to summary judgment as a matter of law (*see, D'Agostino v Chersevani,* 216 AD2d 435, 436, *lv denied in part and dismissed in part* 86 NY2d 883). We decline to grant summary judgment dismissing the complaint against defendant Sithe Energies USA, Inc., which did not join in the motion for preclusion. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Callahan, Doerr and Fallon, JJ.