■ In the Matter of KATHLEEN REICHARD-WILLLIAMS,
Individually and as Administratrix of the Estate of JOHN WIL-
LIAMS, JR., Deceased, et al., Appellants, v MILLER ELECTRIC
MANUFACTURING Co. et al., Respondents, et al., Defendant.
WELDCRAFT, INC., Third-Party Plaintiff, v FULTON THERMAL
CORPORATION, Third-Party Defendant-Respondent. MILLER
ELECTRIC MANUFACTURING Co., Third-Party Plaintiff, v FULTON
THERMAL CORPORATION, Third-Party Defendant-Respondent.
(Appeal No. 2.) [695 NYS2d 813] —Order unanimously affirmed
without costs. Memorandum: Supreme Court properly denied
plaintiffs' motion to vacate the judgment dismissing the com-
plaint. Plaintiffs did not demonstrate a reasonable excuse for
their failure to provide a bill of particulars in a timely manner,
nor did they establish the existence of a meritorious claim (see,
Koski v Ryder Truck, 244 AD2d 872). (Appeal from Order of
Supreme Court, Oswego County, Hurlbutt, J.—Vacate
Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr.,
and Balio, JJ.

■ HOWARD F. YOUNG, Appellant, v DONNA A. YAGER et
al., Respondents. [695 NYS2d 800] —Order unanimously affirmed
without costs. Memorandum: Plaintiff was injured in an
automobile accident on August 2, 1994. He commenced this ac-
tion by obtaining an order pursuant to CPLR 304 on August 6,
1997 and filing a summons with notice with the court clerk on
that same day. Supreme Court properly dismissed the com-
plaint as time-barred. CPLR 304 provides in relevant part
that, "[w]here a court finds that circumstances prevent imme-
diate filing, the signing of an order requiring the subsequent
filing at a specific time and date not later than five days there-
after shall commence the action." Contrary to plaintiff's conten-
tion, an application pursuant to CPLR 304 to extend the time
to file a summons with notice must be made before the Statute
of Limitations expires on the action. Here, plaintiff made his
application to the court after the three-year Statute of Limita-
tions had expired on his personal injury action (see, CPLR 214
[5]). (Appeal from Order of Supreme Court, Onondaga County,
Murphy, J.—Summary Judgment.) Present—Lawton, J. P.,
Hayes, Wisner, Pigott, Jr., and Balio, JJ.