■ JERRY M. RASMUSSEN et al., as Administrators of the Estate of GRACE M. RASMUSSEN, Deceased, and as Surviving and Representative Children/Issue and Next-of-Kin of Said Decedent, GRACE M. RASMUSSEN, Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant. [740 NYS2d 912] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered December 7, 2000, which, inter alia, denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: After plaintiffs failed to comply with various discovery demands of defendant, a 20-day conditional order of preclusion was entered without opposition. When plaintiffs failed to comply with that order, defendant moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for an extension of time to comply with the conditional order. Supreme Court abused its discretion in granting the cross motion. To be relieved of their default, plaintiffs were required to demonstrate, inter alia, the existence of a meritorious cause of action (*see Koski v Ryder Truck,* 244 AD2d 872; *see also La Buda v Brookhaven Mem. Hosp. Med. Ctr.,* 62 NY2d 1014, 1016). Plaintiffs submitted only the affidavit of their attorney, which is insufficient to demonstrate merit (*see Nitto v Kalisiak,* 107 AD2d 1066). Nor is the verified bill of particulars sufficient to establish merit, because the allegations are nonspecific and speculative (*see Hogan v City of Kingston,* 243 AD2d 981, 982-983, *lv denied in part and dismissed in part* 91 NY2d 907; *cf. Fountain v Village of Canastota,* 219 AD2d 781, 782. Because plaintiffs' claims are not based on matters within the "ordinary experience and knowledge of laymen," an affidavit of merit from an expert was required (*Fiore v Galang,* 64 NY2d 999, 1001; *cf. Gordineer v Gallagher,* 160 AD2d 672, 672-673), and plaintiffs failed to provide such an affidavit.

In relieving plaintiffs of their default, the court did not reach the merits of defendant's motion. We cannot determine from this record what evidence is precluded by the conditional order of preclusion and whether plaintiff is able to establish a prima

facie case without that evidence, and thus we remit the matter to Supreme Court, Chautauqua County, to make those determinations. If the court determines that plaintiff's remaining evidence, if any, is insufficient to establish a prima facie case, defendant's motion for summary judgment dismissing the complaint must be granted (*see Koski,* 244 AD2d at 873). Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.