ANTHONY FOSTER et al., Respondents, v DEALMAKER, SLS, LLC, et al., Appellants. [881 NYS2d 250]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered July 16, 2008 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. The motion was based on the failure of plaintiffs to comply with a conditional order precluding them from introducing any evidence with respect to items demanded in defendants' request for a verified bill of particulars, in the event that they did not comply with those demands. "[T]he conditional order was self-executing and [plaintiffs'] failure to produce [requested] items on or before the date certain rendered it absolute" (*Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008] [internal quotation marks omitted]). "To avoid the adverse impact of the conditional order of preclusion, the plaintiff[s were] required to demonstrate an excusable default and a meritorious cause of action" (*Gilmore v Garvey*, 31 AD3d 381, 382 [2006]; *see Martin v Salvage*, 238 AD2d 959 [1997]). Even assuming, arguendo, that plaintiffs demonstrated that their default was excusable, we conclude that they failed to demonstrate that they have a meritorious cause of action inasmuch as they failed to establish that they each sustained a serious injury (*see Rasmussen v Niagara Mohawk Power Corp.*, 294 AD2d 862 [2002]; *see generally Licari v Elliott*, 57 NY2d 230, 235 [1982]). Because the preclusion order is in effect, plaintiffs now are precluded from presenting evidence sufficient to establish a prima facie case, i.e., that they sustained a serious injury, and thus defendants are entitled to summary judgment dismissing the complaint (*see Calder v Cofta*, 49 AD3d 484, 485 [2008]; *Rahman v MacDonald*, 17 AD3d 438 [2005]; *see also Koski v Ryder Truck*, 244 AD2d 872, 873 [1997]). In light of our determination, we need not address defendants' remaining contention. Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.