■ KYUNG SOO KIM et al., Appellants, v GOLDMINE REALTY, INC., et al., Respondents. [901 NYS2d 89]—

In an action to recover a deposit made in contemplation of a commercial lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), dated April 28, 2009, as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 (3) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The drastic remedy of dismissing a complaint based on the plaintiffs' failure to comply with court-ordered disclosure should be granted only where there is a clear showing that the plaintiffs' conduct was willful and contumacious (*see Hutchinson v Langer*, 71 AD3d 735 [2010]; *Brown v Astoria Fed. Sav.*, 51 AD3d 961, 962 [2008]; *Robinson v Pediatric Assoc. of Irwin Ave.*, 307 AD2d 1029, 1030 [2003]).

Prior to the subject motion, the plaintiffs failed to respond to any of the defendants' discovery demands and to comply with court orders directing them to do so. Instead, the plaintiffs served and filed a note of issue and certificate of readiness in response to the 90-day demand pursuant to CPLR 3216 contained in the compliance conference order. The certificate of readiness falsely indicated that the bill of particulars had been served. Further, the certificate indicated that discovery proceedings were "not required," when, in fact, the plaintiffs had failed to respond to a long-outstanding set of interrogatories served by certain of the defendants (hereinafter the interrogatories), and failed to respond to the defendants' separate notices for discovery and inspection. In addition, no depositions had been

held, although certain of the defendants had noticed depositions of the plaintiffs and the remaining defendants over a year before. The plaintiffs' willful and contumacious conduct can be inferred from their knowing and wrongful submission of a false certificate of readiness and their repeated failures to comply with court-ordered disclosure (*see Mendez v City of New York*, 7 AD3d 766, 767 [2004]; *Alto v Gilman Mgt. Corp.*, 7 AD3d 650 [2004]; *Yona v Beth Israel Med. Ctr.*, 285 AD2d 460, 461 [2001]).

After the defendants moved to dismiss the complaint, the plaintiffs served a belated, unverified response to the interrogatories, which was properly rejected (*see* CPLR 3133 [b]). The plaintiffs failed to proffer any reasonable excuse for their failure to comply with the defendants' discovery requests (*see Mendez v City of New York*, 7 AD3d at 767; *Alto v Gilman Mgt. Corp.*, 7 AD3d at 650; *Espinal v City of New York*, 264 AD2d 806 [1999]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 (3) to dismiss the complaint. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.