# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**871**

**CA 11-02538**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IRIC BURTON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DR. ANDREW MATTELIANO, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

FRANK S. FALZONE, BUFFALO (KATIE HARROD OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MARK R. AFFRONTI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 2, 2011. The order granted the motion of defendant Andrew Matteliano, M.D., incorrectly sued as Dr. Andrew Matteliano, to dismiss the complaint and denied the cross motion of plaintiff for reargument and vacatur of an order entered June 29, 2011.

It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.

Memorandum: Contrary to plaintiff's contention, Supreme Court properly granted the motion of Andrew Matteliano, M.D., incorrectly sued as Dr. Andrew Matteliano (defendant), seeking dismissal of the action against him pursuant to CPLR 3126 (3). Plaintiff commenced this action against, inter alia, defendant contending that he improperly and without authorization disclosed plaintiff's medical records to plaintiff's employer, resulting in plaintiff's termination from employment. Defendant made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). Although the court granted that motion in its entirety, we reinstated the first cause of action on a prior appeal (*Burton v Matteliano*, 81 AD3d 1272, *lv denied* 71 NY3d 703). Defendant thereafter filed an answer and submitted numerous discovery demands. Plaintiff failed to respond to any of those demands, and defendant moved for an order precluding plaintiff from producing any evidence at the time of trial due to the willful failure to provide discovery responses.

In support of that motion and as required by 22 NYCRR 202.7 (a) and (c), defendant's attorney outlined his good faith efforts to resolve the discovery dispute, which included contacting plaintiff's

attorney numerous times to request compliance with the demands and affording plaintiff's attorney an additional two weeks to comply with the demands. It was only after plaintiff's attorney failed to comply with the demands during that two-week period that defendant's attorney made the motion for preclusion. Although neither plaintiff nor his attorney responded to the motion for preclusion or appeared at oral argument of the motion, plaintiff's attorney responded to some of the demands. He did not, however, include the requested medical records, authorizations to obtain medical records, names of witnesses or authorizations requested in the demand for collateral sources. The court thereafter granted defendant's motion for preclusion "unless within thirty . . . days following service of this Order, [p]laintiff responds to the defendant's outstanding discovery demands."

On the same day that the court issued the preclusion order, defendant's attorney mailed to plaintiff's attorney a copy of that order and a letter delineating all of the deficiencies in the discovery responses. Defendant's attorney requested "full and complete responses to the . . . demands within thirty days . . . as directed" in the preclusion order. When plaintiff's attorney failed to respond, defendant filed the instant motion seeking dismissal of the action against him pursuant to CPLR 3126 (3). Plaintiff cross-moved for leave to reargue the motion for preclusion and sought vacatur of the underlying preclusion order.

As noted above, we conclude that the court properly granted defendant's motion. "[T]he conditional order [of preclusion] was self-executing and [plaintiff's] failure to produce [the requested] items on or before the date certain rendered it absolute" (*Wilson v Galicia Contr. & Restoration Corp*., 10 NY3d 827, 830 [internal quotation marks omitted]; *see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 78; *Northway Eng'g v Felix Indus.*, 77 NY2d 332, 334; *Foster v Dealmaker*, SLS, LLC, 63 AD3d 1640, 1641, *lv denied* 15 NY3d 702). Contrary to plaintiff's contention, defendant was not required to comply with 22 NYCRR 202.7 (a) or (c) on the motion to dismiss the action inasmuch as he had already established his good faith attempts to resolve the discovery dispute in the initial motion for preclusion and, as noted above, the preclusion order became absolute upon plaintiff's failure to comply with its terms.

Plaintiff further contends that the court improperly denied his cross motion for leave to reargue the initial motion for preclusion and vacatur of the preclusion order. First, we note that no appeal lies from an order denying leave to reargue, and we therefore dismiss the appeal from the order insofar as it denied leave to reargue (*see generally Lindsay v Funtime, Inc*., 184 AD2d 1036, 1036; *Empire Ins. Co. v Food City*, 167 AD2d 983, 984). Second, with respect to that part of the cross motion seeking vacatur of the preclusion order, plaintiff failed to establish any basis for that relief. The Court of Appeals has "made [it] clear that to obtain relief from the dictates of a conditional order that will preclude a party from submitting evidence in support of a claim or defense, the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or

defense" (*Gibbs*, 16 NY3d at 80).  Here, plaintiff offered no excuse for his failure to provide the requested items and failed to establish the existence of a meritorious claim.

Because the preclusion order is in effect, plaintiff is precluded from presenting evidence sufficient to establish a prima facie case, and defendant is therefore entitled to dismissal of the action against him (*see Foster*, 63 AD3d at 1641).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court