# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**117**

**CA 12-01437**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

MARK HOGAN AND ELIZABETH HOGAN, INDIVIDUALLY
AND AS PARENTS AND NATURAL GUARDIANS OF JACK A.
HOGAN, AN INFANT, AND ITHACA G. HOGAN, AN
INFANT, PLAINTIFFS-RESPONDENTS,

                    V                          MEMORANDUM AND ORDER

DAVID VANDEWATER, ET AL., DEFENDANTS,
WILBUR L. STANFORD, JR. AND SUZANNE STANFORD,
DEFENDANTS-APPELLANTS.

---

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (KELLY G. COBLE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

---

Appeal from an order of the Supreme Court, Lewis County (Charles
C. Merrell, A.J.), entered November 8, 2011. The order, among other
things, denied the motion of defendants Wilbur L. Stanford, Jr. and
Suzanne Stanford for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and as
modified the order is affirmed without costs, and the matter is
remitted to Supreme Court, Lewis County, for further proceedings in
accordance with the following Memorandum: Plaintiffs commenced this
action seeking declaratory and injunctive relief as well as damages
for excessive use of a right-of-way, harassment, and false
imprisonment. Wilbur L. Stanford, Jr. and Suzanne Stanford
(defendants) served discovery demands that included a request for
interrogatories, combined demands, and a demand for documents. After
plaintiffs failed to respond to their discovery demands, defendants
moved to compel plaintiffs to respond or, alternatively, to preclude
plaintiffs from offering evidence at trial. Supreme Court ordered
that plaintiffs were precluded from offering evidence at trial unless
they responded to defendants' discovery demands within 20 days
following the service of a copy of the order with notice of entry
(preclusion order). When plaintiffs only partially complied with the
preclusion order, defendants moved for summary judgment dismissing the
complaint against them and, by the order on appeal, the court denied
the motion in its entirety. We conclude that the court should have
granted that part of the motion for summary judgment dismissing those
claims for which plaintiffs did not submit evidence in response to the
preclusion order.

Plaintiffs submitted interrogatories that were not sworn as

required by CPLR 3133 (b) (*see Kyung Soo Kim v Goldmine Realty, Inc.*, 73 AD3d 709, 710). Additionally, plaintiffs only partially complied with the combined demands and demand for documents. The preclusion order "was self-executing and [plaintiffs'] 'failure to produce [requested] items on or before the date certain' rendered it 'absolute' " (*Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830; *see Rothman v Westfield Group*, 101 AD3d 703, 704; *Burton v Matteliano*, 98 AD3d 1248, 1250). Thus, plaintiffs are precluded from introducing any evidence at trial in support of their claims that was not submitted in response to the discovery demands (*see generally Wilson*, 10 NY3d at 830). Although it is undisputed that plaintiffs complied in part with the discovery demands such that defendants' motion should not be granted in its entirety, we are unable to discern on the record before us which parts of the complaint survive that motion. We therefore modify the order by granting the motion in part, and we remit the matter to Supreme Court to determine which parts of the complaint shall survive the motion.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court