Appeal from an order of the Supreme Court, Lewis County (Charles C. Merrell, A.J.), entered November 8, 2011. The order, among other things, denied the motion of defendants Wilbur L. Stanford, Jr. and Suzanne Stanford for summary judgment.
It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in *1165 part and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Lewis County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking declaratory and injunctive relief as well as damages for excessive use of a right-of-way, harassment, and false imprisonment. Wilbur L. Stanford, Jr. and Suzanne Stanford (defendants) served discovery demands that included a request for interrogatories, combined demands, and a demand for documents. After plaintiffs failed to respond to their discovery demands, defendants moved to compel plaintiffs to respond or, alternatively, to preclude plaintiffs from offering evidence at trial. Supreme Court ordered that plaintiffs were precluded from offering evidence at trial unless they responded to defendants’ discovery demands within 20 days following the service of a copy of the order with notice of entry (preclusion order). When plaintiffs only partially complied with the preclusion order, defendants moved for summary judgment dismissing the complaint against them and, by the order on appeal, the court denied the motion in its entirety. We conclude that the court should have granted that part of the motion for summary judgment dismissing those claims for which plaintiffs did not submit evidence in response to the preclusion order.
Plaintiffs submitted interrogatories that were not sworn as required by CPLR 3133 (b) (see Kyung Soo Kim v Goldmine Realty, Inc., 73 AD3d 709, 710 [2010]). Additionally, plaintiffs only partially complied with the combined demands and demand for documents. The preclusion order “was self-executing and [plaintiffs’] ‘failure to produce [requested] items on or before the date certain’ rendered it ‘absolute’ ” (Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]; see Rothman v Westfield Group, 101 AD3d 703, 704 [2012]; Burton v Matteliano, 98 AD3d 1248, 1250 [2012]). Thus, plaintiffs are precluded from introducing any evidence at trial in support of their claims that was not submitted in response to the discovery demands (see generally Wilson, 10 NY3d at 830). Although it is undisputed that plaintiffs complied in part with the discovery demands such that defendants’ motion should not be granted in its entirety, we are unable to discern on the record before us which parts of the complaint survive that motion. We therefore modify the order by granting the motion in part, and we remit the matter to Supreme Court to determine which parts of the complaint shall survive the motion. Present — Centra, J.R, Peradotto, Garni, Sconiers and Whalen, JJ.