# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1343**
**CA 14-00375**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

TERENCE WINTERS AND MAUREEN WINTERS,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

UNILAND DEVELOPMENT CORPORATION, UNILAND
CONSTRUCTION CORPORATION, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

BROWN & KELLY, LLP, BUFFALO (H. WARD HAMLIN, JR., OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 24, 2013 in a personal injury action. The order denied plaintiffs' motion to enter a judgment against defendants Uniland Development Corporation and Uniland Construction Corporaton and to set a damages inquest.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Erie County, for an inquest on damages.

Memorandum: In this personal injury action, plaintiffs appeal from an order that denied their motion seeking a default judgment on the issue of liability against Uniland Development Corporation and Uniland Construction Corporation (defendants) and a damages inquest. Supreme Court had previously issued a conditional order providing that defendants' answer and affirmative defenses would be stricken if defendants failed to provide full and complete responses to plaintiffs' discovery demands by a certain date. Defendants failed to comply with that order and, because it was self-executing, it became absolute and binding upon defendants' failure to comply with it (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 78; *Wilson v Galacia Contr. & Restoration Corp.*, 10 NY3d 827, 830). Consequently, "it was error, as a matter of law, not to grant [plaintiffs'] motion" (*Fiore v Galang*, 64 NY2d 999, 1000; *see Gibbs*, 16 NY3d at 80), and we therefore reverse the order, grant plaintiffs' motion, and remit the matter to Supreme Court for an inquest on damages (*see e.g. Hogan v Vandewater*, 104 AD3d 1164, 1165; *Burton v Matteliano*, 98 AD3d 1248, 1250). We note that our result herein does not preclude defendants from seeking vacatur of

the conditional order pursuant to the procedure outlined in *Lauer v City of Buffalo* (53 AD3d 213, 214), and under the principles of such cases as *Woodson v Mendon Leasing Corp.* (100 NY2d 62, 68) and *Matter of County of Ontario (Middlebrook)* (59 AD3d 1065, 1065).

Entered:  January 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court