Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc. (2019 NY Slip Op 03570)





Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc.


2019 NY Slip Op 03570


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-00513
 (Index No. 7935/09)

[*1]Empire Enterprises I.J.J.A., Inc., appellant,
v
Daimler Buses of North America, Inc., et al., respondents (and a third party action).


Charles A. Termini, Oceanside, NY, for appellant.
Skarzynski Black, LLC, New York, NY (Joshua D. Yeager, pro hac vice, Thomas H. Cellilli III and Paul V. Miletic of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated November 22, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants' contention that the appeal must be dismissed for failure to comply with CPLR 5526 is without merit (cf. P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028; Reyes v Eleftheria Rest. Corp., 162 AD3d 808; Matter of Lynch, 152 AD3d 690).
In general, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the sound discretion of the motion court. When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading (see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804; Friedman, Harfenist, Langer & Kraut v Richard Bruce Rosenthal, 79 AD3d 798). The drastic remedy of dismissing a complaint pursuant to CPLR 3126(3) for failure to comply with court-ordered disclosure should be granted only where the conduct of the plaintiff is shown to be willful and contumacious (see Moray v City of Yonkers, 76 AD3d 618; Kyung Soo Kim v Goldmine Realty, Inc., 73 AD3d 709; Novick v DeRosa, 51 AD3d 885). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time (see Honghui Kuang v MetLife, 159 AD3d 878, 881; Teitelbaum v Maimonides Med. Ctr., 144 AD3d 1013; Cioffi v S.M. Foods, Inc., 142 AD3d 526). Given the plaintiff's delay in complying with discovery, the misrepresentations made by its president throughout these proceedings, and the delay caused by the plaintiff's multiple substitutions of counsel, the Supreme Court providently exercised its discretion in finding that the plaintiff's conduct was willful and contumacious, and in granting that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint (see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 211; Kyung Soo Kim v Goldmine Realty, Inc., 73 AD3d at 710; Cano v BLF Realty [*2]Holding Corp., 243 AD2d 390; Homburger v Levitin, 130 AD2d 715).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court